IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 08-10344
Summary Calendar

PROBODH ARORA

Plaintiff - Appellant

V.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC.

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
3:06-CV-1553

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Probodh Arora appeals the district court's grant of summary judgment in his action against Starwood Hotels for illegal discharge due to his race, national origin, age, and retaliation. We affirm.

Arora began working for Starwood Hotels in 1990 as a banquet manager. He was promoted to the position of Director of Banquets and Outlets in 2004. In 2005, Starwood discharged Arora, along with three other assistant banquet

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

managers, following an investigation into alleged misconduct that occurred in the administration of the company's 2005 annual employment satisfaction survey.

Arora sued Starwood alleging his discharge was in violation of Title VII and the Texas Commission on Human Rights Act.[1]  Title VII and the TCHRA make it unlawful for an employer "to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin."[2]  Arora is originally from India, is a naturalized United States citizen, and, at the time of his discharge, was 47 years of age.

I

Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]  When making its determination, the court must draw all justifiable inferences in favor of the nonmovant.[4]  Our review of the district court's grant of summary judgment is de novo.[5]

---

[1] 42 U.S.C. § 2000e; Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001.

[2] 42 U.S.C. § 2000e-2(a).

[3] FED. R. CIV. P. 56(c).

[4] Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 956 (5th Cir. 1993).

[5] Keelan v. Majesco Software, Inc., 407 F.3d 332, 338 (5th Cir. 2005).

Under the McDonnell Douglas[6] framework, Arora is required to make a prima facie case of discrimination by showing: (1) he is within a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment decision, and (4) he was replaced by someone outside the protected class or treated less favorably than similarly situated employees outside the protected class.[7]

The district court ruled that Arora failed to establish a prima facie case because he did not raise a material fact issue as to the fourth element; whether he was replaced by someone outside the protected class or treated less favorably than similarly situated employees outside the protected class.

Starwood replaced Arora with Ian McKee. The only evidence raised to show McKee was outside the protected class was unsupported statements in Arora's briefs, and Arora's own declaration and deposition testimony. The summary judgment record did not include any other basis for determining McKee's race or age. Arora admits his allegations are not based on first-hand knowledge.[8]

Unsubstantiated hearsay evidence that would not be admissible at trial does not suffice to raise a genuine issue of material fact.[9] Arora's failure to

---

[6] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The framework requires a plaintiff to first create a presumption of discrimination by making out a prima facie case of discrimination. The burden of production then shifts to the defendant to establish legitimate non-discriminatory reasons for its actions. The plaintiff then bears the burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against the plaintiff because of the plaintiff's protected status. Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003).

[7] Smith v. City of Jackson, Miss., 351 F.3d 183, 196 (5th Cir. 2003).

[8] Arora's testimony includes: "[A]s I understand it, [McKee] was thirty years of age when hired," and "He was in his 30s. I don't know. I never met him."

[9] See Clary v. Computer Assocs. Intern, Inc., 109 F.3d 765, 765 (5th Cir. 1997) ("Clary's attempt to establish that he was subjected to disparate treatment discrimination by offering evidence of a pattern or practice of discrimination cannot succeed because his own deposition

produce competent summary judgment evidence regarding the race or age of his replacement, when evidence of this nature was readily ascertainable through discovery, precludes him from establishing an issue of fact as to whether he was replaced by someone outside the protected class.

We also agree with the district court that there is no genuine issue of material fact regarding whether Arora was treated less favorably than similarly situated employees outside the protected class. Arora was discharged along with two other banquet department employees implicated in the survey incident. One was 26 years old and Caucasian, the other 34 years old and Indian. Additionally, two other banquet department employees were investigated but not terminated, one of whom was Indian and one of whom was the same age as Arora. This evidence indicates Arora was treated on par with similarly situated employees that were younger and Caucasian.

Arora failed to raise a genuine issue of material fact regarding the fourth element of a prima facie discrimination claim. Accordingly, the district court did not err by granting Starwood's motion for summary judgment on those claims.[10]

## II

The district court also did not err in granting Starwood's summary judgment motion regarding Arora's retaliation claim. Both Title VII and the Texas Commission on Human Rights Act prohibit discrimination against

---

refutes personal knowledge of the ages of other allegedly terminated employees."); Pritchard v. S. Co., Servs., 92 F.3d 1130, 1135 (11th Cir. 1996) ("Pritchard cannot use inadmissable hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial. There is nothing to indicate that Pritchard's statements (which were based on the statements of unknown co-workers) will lead to admissible evidence.") (internal citation omitted).

[10] Appellant attempts to raise an issue of spoilation to bolster his prima facie case. Spoilation was not raised at the district court and cannot be raised for the first time here. Keelan v. Majesco Software, Inc., 407 F.3d 332, 339 (5th Cir.2005) ("It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court.").

employees who have opposed an unlawful employment practice, or made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment practices statute.[11]

Arora failed to establish a prima facie case of retaliation. He raised no genuine issue of material fact as to whether he engaged in an activity protected by Title VII.[12] Arora alleges he told supervisors that an employee was drinking at the bar without paying and that two managers were engaging in sexually provocative behavior. While ungainly, the complained about behavior does not involve an employee being treated unfairly due to race or sex, thus the complaints are not protected activity.[13]

For the foregoing reasons, the district court's grant of summary judgment is AFFIRMED.

---

[11] 42 U.S.C. § 2000e-3(a); TEX. LAB. CODE § 21.055.

[12] See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004) ("To present a prima facie case of retaliation under either Title VII or § 1981, a plaintiff must show that: (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action.").

[13] See Harris-Childs v. Medco Health Solutions, Inc., 169 Fed. Appx. 913, 916 (5th Cir. 2006).