Iffy LEE, Plaintiff,

v.

Timothy F. GEITHNER, Defendant.

Civil Action No. H–10–2795.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 14, 2011.

Sonya Chandler–Anderson, Attorney at Law, Houston, TX, for Plaintiff.

Ernest C. Garcia, U.S. Attorney Southern District of Texas, Houston, TX, for Defendant.

### MEMORANDUM AND ORDER

GEORGE C. HANKS JR., United States Magistrate Judge.

Plaintiff, Ify [1] Lee, filed this action alleging employment discrimination against Defendant, Timothy F. Geithner, Secretary of the Treasury of the Internal Revenue Service ("IRS") in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981. [2] Before the Court is the IRS's motion for summary judgment. (Dkt. 26). Lee did not file a response to this motion, representing that she is unopposed. See S.D. TEX. L.R. 7.3. [3]

---

1. Although the Plaintiff's name is spelled "Iffy" in the case style, the record indicates that the Plaintiff's name is spelled "Ify."

2. The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 15).

3. In accordance with this Court's local rules, oppositions to motions are due within twenty-one days, unless such time is extended. S.D. TEX. L.R. 7.3. Lee was required to file a response by October 17, 2011. (Dkt. 27). To date, Lee has not filed a response to the IRS's motion for summary judgment. Any failure to respond is "taken as a representation of no opposition." S.D. TEX. L.R. 7.4. Notwithstanding Lee's failure to file a response, sum-

After careful consideration and review of the motion, the record, the undisputed facts, and the applicable law, the IRS's motion for summary judgment is **GRANTED**.

## BACKGROUND

Lee was hired by the IRS for a term appointment as an Individual Taxpayer Advisory Specialist ("ITAS") in early January 2008. Lee's notice of employment indicated that her employment was subject to a one-year probationary period and that if her job performance did not meet acceptable standards, she could be removed from her position. Def. Ex. 3 at 1. (Dkt. 26). In May 2008, four months later—during the probationary period—the IRS terminated Lee, stating that her work performance was unsatisfactory. Def. Ex. 7 at 1. (Dkt. 26). Lee was not given an opportunity to respond to the reason given for her termination.

On August 3, 2010, Lee filed this lawsuit asserting claims for employment discrimination based on her national origin (U.S. Virgin Islands), violation of applicable sections of the Code of Federal Regulations, and breach of contract. Pl. Complaint at 5. (Dkt. 1).

In its pending motion for summary judgment, the IRS argues that it is entitled to summary judgment for four reasons. First, the IRS argues that Lee has failed to establish a prima facie case of discrimination. (Dkt. 26). Second, the IRS argues it had a legitimate, non-discriminatory reason for terminating Lee—her unsatisfactory job performance. Third, the IRS contends that it followed applicable regulations in terminating Lee during her

probationary period. Finally, the IRS argues that it did not breach its contract with Lee because Lee's contract did not offer her protection from termination during the probationary period.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is proper if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir.2001). "Dispute about a material fact is 'genuine' if the evidence could lead a reasonable jury to find for the nonmoving party." *In re Segerstrom,* 247 F.3d 218, 223 (5th Cir.2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir.2002).

## ANALYSIS

### I. Employment Discrimination

In her complaint, Lee alleges that the IRS discriminated against her based on her national origin, in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981. To defeat the IRS's motion for summary judgment, Lee must establish the existence of a genuine issue of material fact as to whether the IRS discriminated against her based on her national origin. *See* FED. R.CIV.P. 56(c); *see also Okoye v. Univ. of*

mary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). Thus, the IRS, as "[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact, and, unless [it] has done so, the [C]ourt may not grant the motion, regardless of whether any response was filed." *See Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 362 n. 3 (5th Cir.1995).

*Tex. Houston Health Sci. Ctr.,* 245 F.3d 507, 512 (5th Cir.2001).

## A. No Prima Facie Case of Employment Discrimination

In her complaint, Lee alleges that the IRS "discharge[d] Ms. Lee and discriminate[d] against [her] with respect to her compensation, terms, conditions, and/or privileges of employment, because of her race, color, and national origin [o]r ... discharge[d] her in retaliation for her complaining to managers about taking her position ... and giving it to a Hispanic person and not paying her the pay grade she believed she was entitled to." PL Complaint at 5. (Dkt. 1). A plaintiff can establish discrimination by either direct or circumstantial evidence. *Laxton v. Gap Inc.,* 333 F.3d 572, 578 (5th Cir.2003). Here, there is no direct evidence of discrimination against Lee. Lee alleges no specifics to support her allegations and she has not produced any summary judgment evidence in response to the IRS's pending motion for summary judgment. Accordingly, to establish a discrimination claim against the IRS, Lee must rely on circumstantial evidence.

■ To defeat a motion for summary judgment, a plaintiff relying on circumstantial evidence must first establish a prima facie case of discrimination raising a presumption of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also Rutherford v. Harris County,* 197 F.3d 173, 179–80 (5th Cir.1999). To establish a prima facie case of discrimination based on national origin, a plaintiff must show "that she: (1) is a member of a protected class, (2) was qualified for her position, (3) was subject to an adverse employment action, and (4) ... 'that others similarly situated [but outside the protected class] were treated more favorably.'" *Okoye,* 245 F.3d at 512–13.

■ If the plaintiff successfully establishes a prima facie case of employment discrimination, the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for its actions. *Okoye,* 245 F.3d at 512. If the defendant sustains its burden, "the presumption of discrimination dissipates." *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 219 (5th Cir.2001). The burden then "shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true[,] but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Alvarado v. Texas Rangers,* 492 F.3d 605, 611 (5th Cir.2007) (citation omitted). "The plaintiff bears the ultimate burden of persuading the trier of fact ... that the employer intentionally discriminated against her because of her protected status." *Wallace,* 271 F.3d at 219–20.

The IRS first contends that Lee has not established a prima facie case of discrimination because she has not shown that she was qualified to continue in her position or that someone similarly situated but outside the protected class was treated more favorably than she was. The Court agrees.

■ As part of her prima facie case, Lee must establish that she was qualified for her position. *See Okoye,* 245 F.3d at 512–13. However, the only summary judgment evidence in the record indicates that Lee was not qualified for her position, in part because she did not demonstrate competence or perform critical job elements after receiving training on those elements. Matlock Aff. ¶ 8. (Dkt. 26). Accordingly, Lee has not met her burden to

show that she was qualified for the position to which the IRS hired her.

■ Lee must also establish that others outside the protected class but similarly situated were treated more favorably than she was. Lee alleges that her managers hired a Hispanic person to replace her. Pl. Complaint at 5. (Dkt. 1). However, Lee offers no summary judgment evidence to establish that this Hispanic person was "similarly situated," which is required to establish a prima facie case of discrimination. *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 Fed.Appx. 159, 161 (5th Cir.2008) (upholding district court's grant of summary judgment where plaintiff "failed to raise a genuine issue of material fact regarding the fourth element of a prima facie discrimination claim"). For example, Lee failed to allege or show that the Hispanic person who allegedly replaced her also had unsatisfactory job performance. Because Lee offered no summary judgment evidence to show that (1) she was qualified to continue in her position and (2) someone outside the protected class but similarly situated was treated more favorably, Lee has not met her burden to establish a prima facie case of discrimination. Accordingly, the IRS's motion for summary judgment is granted as matter of law on Lee's discrimination claims.

## B. Non–Discriminatory Reason for Termination

Next, the IRS contends that even if Lee could establish a prima facie case of discrimination based on her national origin, she has not produced any evidence rebutting the IRS's explanation that Lee was terminated for her unsatisfactory job performance. The Court agrees.

■ The only summary judgment evidence in the record establishes that the IRS's decision to terminate Lee's employment was not motivated by her race, color, or national origin. Matlock Aff. ¶ 10. Rather, the IRS terminated Lee because her job performance was unsatisfactory. According to her supervisor, Lee was not satisfied with her position, she forgot matters discussed with her, she did not demonstrate competence or perform critical job elements after she had received training on those elements, she had an angry and argumentative attitude in conversations, and she would not read her office e-mails in a timely manner. Matlock Aff. ¶ 8. (Dkt. 26).

The Fifth Circuit has long held that an employer's belief that an employee's performance is inadequate, even if that belief is incorrect, is a legitimate, nondiscriminatory reason and cannot establish the existence of a pretext for discrimination. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir.1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive."); *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir.1991) ("We do not try in court the validity of good faith beliefs as to an employee's competence. Motive is the issue."). Here, the summary judgment evidence establishes that the IRS believed Lee's performance was inadequate and the IRS terminated her solely for that reason, not based on her national origin.

Now that the IRS has articulated a non-discriminatory reason for terminating Lee, the burden shifts back to Lee to demonstrate that the IRS's proffered reason is a pretext for discrimination based on her national origin. *Nasti v. CIBA Specialty Chems.*, 492 F.3d 589, 593 (5th Cir.2007). She has not met this burden. Because Lee has offered no summary judgment evidence to show the IRS's nondiscriminatory reason for her termination is a pretext for discrimination, the IRS is entitled

to judgment as a matter of law on Lee's employment discrimination claims.

## II. Code of Federal Regulations

Lee's complaint also alleges that the IRS violated sections of the Code of Federal Regulations. The IRS moves for summary judgment on this claim, contending that it complied with regulations by giving Lee a written reason for her termination. The IRS also argues that it was not required to give Lee advance notice of her termination or an opportunity to respond to the reasons for her termination because the IRS terminated her for post-appointment reasons. The Court agrees.

Lee alleges that 5 C.F.R. section 315.805 "provides the terms of termination of an IRS probationary employee for conditions arising *before the end of their appointment.*" Pl. Complaint at 3. (Dkt. 1). (emphasis added). However, the regulation Lee relies upon provides the requirements for "[t]ermination of probationers for *conditions arising before employment.*" 5 C.F.R. § 315.805 (emphasis added). Those conditions include "(a) [n]otice of proposed adverse action ... (b) ... a reasonable time for filing a written answer to the notice of proposed adverse action ... [and] (c) [notice] of the agency's decision at the earliest practicable date." 5 C.F.R. § 315.805. Section 315.805 does not apply here because the IRS did not terminate Lee for any reason occurring prior to her appointment as an ITAS. Rather, the IRS terminated her for unsatisfactory job performance occurring after her appointment. Thus, the protections afforded by section 315.805 do not apply here.

▆ Because the IRS terminated Lee for reasons occurring after she was appointed, the IRS was required to comply with a different section—section 315.804, providing that "when an agency decides to terminate an employee serving a probationary or trial period because [her] work performance or conduct during this period fails to demonstrate [her] fitness or [her] qualifications for continued employment, it shall terminate [her] services by notifying [her] in writing as to why [s]he is being separated and the effective date of the action." 5 C.F.R. § 315.804. Here, the IRS notified Lee in writing on May 16, 2008 that she was being terminated for unsatisfactory job performance, effective the same date.

The summary judgment evidence establishes that the IRS properly followed the applicable regulations in section 315.804 by providing Lee the reason for her termination in writing. The IRS was not required to take any other action in terminating Lee under section 315.804. Because the IRS complied with the applicable regulations, the IRS is entitled to summary judgment as a matter of law on Lee's claims of regulation violations.

## III. Breach of Contract

Lee's third cause of action is for breach of contract. The IRS argues that Lee has not shown that her employment was contractually "protected" for one year, as she alleges. The Court agrees.

Lee claims that the IRS breached its employment contract with her, as well as violated Articles 37 and 39 of the National Agreement between the IRS and the National Treasury Employees' Union ("Union Agreement"), in violation of 42 U.S.C. § 1981 (the Civil Service Reform Act). Under the applicable laws, rules, and regulations, Lee's employment was subject to a one-year probation. The purpose of the probationary period is to determine an employee's fitness for a position—not to protect a probationary employee from termination for one year. *See* 5 C.F.R. § 315.803(a) ("The agency shall utilize the probationary period as fully as possible to

determine the fitness of the employee and shall terminate his services during this period if [s]he fails to demonstrate fully [her] qualifications for continued employment.").

### A. Employment Agreement

The IRS argues that it did not breach its employment contract with Lee because the contract clearly states that Lee's employment was subject to a one-year probation period. The Court agrees.

■ No language in Lee's employment agreement expresses or implies that Lee was protected from termination during her probationary period. Rather, Lee's employment agreement states in relevant part that "[y]ou are required to serve a probationary period as a condition of this new appointment. The probationary period begins on the date of appointment and ends one-year later unless extended...." Def. Ex. 3 at 1. (Dkt. 26). The agreement further states that, "[d]uring the probationary period you will be assessed on your job performance and overall fitness and qualification for continued employment with the IRS. If your performance or conduct does not meet acceptable standards, you may be removed from the position and/or the Federal service." *Id.* The agreement does not limit the time for terminating Lee to the end of her probationary period. Thus, the plain language of Lee's employment agreement disproves her claims. For that reason, the IRS's motion for summary judgment is granted as a matter of law on Lee's breach of contract claims based on her employment agreement.

### B. Union Agreement

The IRS argues that it did not breach the Union Agreement to which Lee alleges she is a party because the Union Agreement does not give greater rights of appeal to probationary employees than the applicable regulations. The Court agrees.

Article 37 contains requirements for employers regarding probationary employees. The IRS complied with all three parts of Article 37 in terminating Lee. Article 37, Section 1(A) of the Union agreement provides that probationary employees should be given a progress report 90 days before the end of the probationary period. Lee was terminated before completing 90 days before the end of her probationary period; thus, the IRS was not required to give her a progress report under the first part of Article 37.

Article 37, Section 1(B) requires employers to give probationary employees a letter informing them of their appeal rights. The IRS gave Lee a notice of termination letter that described her appeal rights. Thus, the IRS fulfilled its obligations under Article 37, Section 1(B). The final part of Article 37, Section 1(C) provides that "[a]ll provisions of this Agreement apply to probationary employees, except those provisions which are inconsistent with law, rule or regulation." Def. Ex. 8. (Dkt. 26).

Thus, contrary to Lee's allegation, Article 37 of the Union Agreement does not make all provisions of the Union Agreement applicable to probationary employees. Rather, Article 37(1)(C) expressly provides that the Union Agreement does not apply to probationary employees when the Union Agreement conflicts with the law, rules, or regulations, such as the Code of Federal Regulations. As discussed above, the IRS complied with the regulations in terminating Lee; therefore, the IRS is not required to provide Lee greater protection under the Union Agreement as a probationary employee.

■ Article 39 contains requirements for employers as it relates to adverse em-

ployee actions. Article 39 gives employees greater rights to respond to adverse employment actions. However, Article 39 of the Union Agreement does not apply to probationary employees such as Lee. Article 39, Section 1(B) of the Union Agreement provides that Article 39 "only applies to bargaining unit employees who have completed their probationary period or trial period, except to the extent prohibited by law." Def. Ex. 8. (Dkt. 26). Lee had not yet completed her probationary period when she was terminated. Thus, the IRS did not breach the Union Agreement when it terminated Lee and provided her the written reason for her termination without providing her an opportunity to respond to the reason for her termination. Because Article 39 does not extend the protections for regular employees to probationary employees, the IRS was not required to follow it in terminating Lee. The IRS complied with the requirements of Article 37 and properly disregarded Article 39 in terminating Lee. Accordingly, the IRS's motion for summary judgment is granted as a matter of law on Lee's claims for breach of contract based on the Union Agreement.

## CONCLUSION

The IRS has produced summary judgment evidence establishing that there is no genuine issue of material fact regarding Lee's claims and that it is entitled to judgment as a matter of law. Accordingly, the IRS's motion for summary judgment is **GRANTED.**