RALPH J. VOORHIES, *et al.*, v. CHARLES S. BLOOD, as Administrator of the Estate of Isabelle B. Voorhies, deceased; W. R. O'NEAL, and FIRST NATIONAL BANK & TRUST COMPANY IN ORLANDO, a National Banking Corporation, and M. O. OVERSTREET, as Receiver of Said Bank.

171 So. 658.

Division B.

Opinion Filed December 30, 1936.

*George P. Garrett,* for Appellants;

*Giles & Gurney* and *Pleus, Williams & Pleus* and *Baker & Thornal,* for Appellees.

TERRELL, J.—Henry V. D. Voorhies of Orange County, Florida, executed his last Will and Testament in which among other things he provided:

"I give, bequeath and devise to my wife, Isabelle B. Voorhies, and William R. O'Neal, the sum of Twenty-eight Thousand ($28,000.00) Dollars, but in trust, nevertheless, for the following uses and purposes only, to-wit:

"To invest the same in interest bearing securities or property which will produce an income and pay the income so received quarterly as follows:

"The income from Eighteen Thousand ($18,000.00) Dollars to my son, Ralph J. Voorhies, for and during his natural life.

"The income from Five Thousand ($5,000.00) Dollars to Adelle L. Voorhies, wife of my son, for and during her natural life.

"The income from Five Thousand ($5,000.00) Dollars to the guardian of my grandson, Clifford Wyckoff Voorhies, if he should not have attained the age of twenty-one, said income to be used for the education and support of my said grandson." * * *

"I hereby nominate, constitute, and appoint my wife, Isabelle B. Voorhies, and W. R. O'Neal, the executors of this my last Will and Testament, hereby authorizing and empowering the said executors to bargain, sell, and convey any and all real estate of which I may die seized, without any order of court, and I further direct that should either or both of them refuse to qualify, they jointly, or either if the other is incapacitated, may appoint a successor or successors to carry out this trust. I direct that no bond shall be required of either or both of them."

Isabelle B. Voorhies and W. R. O'Neal duly qualified as executors and probated the Will. There was not cash enough in the estate to set up the trust fund as required in the first paragraph quoted, so acting under the Will the executors sold and disposed of securities enough to make up the deficiency. When the trust fund was provided and ready to be invested the executors named did not qualify as trustees to invest and administer it, but they agreed on and designated the First National Bank of Orlando as their successor trustee and conveyed the trust fund to it for administration.

The First National Bank qualified as trustee, accepted the trust, and invested the trust fund in first mortgages on real estate. The County Judge of Orange County approved the transfer of the trust fund to and confirmed the appointment of the First National Bank as trustee in place of the trustees named in the Will. He also approved the mortgage securities in which the trust fund was invested.

It is contended by the beneficiaries who are the appellants that the First National Bank invested the trust fund in worthless securities thereby dissipating it and rendering it a total loss to them. They bring this suit for an accounting against the original and successor trustees on the

theory that the designation of the successor trustee by the trustees named in the Will and the conveyance of the trust fund by them to it was unauthorized, and being so the successor trustee became nothing more than the agent of original trustees for whose acts of alleged mismanagement they are liable. Isabelle B. Voorhies died while the litigation was in process and Charles S. Blood was appointed as the administrator of her estate and substituted as a party defendant.

At the final hearing on bill and answer the chancellor held that the First National Bank was regularly and legally appointed as trustee by the administrators of the estate acting under power given them in the Will and that if acts of mismanagement as to the trust fund were committed they were chargeable to the Bank. The cause was accordingly dismissed as to Isabelle B. Voorhies and W. R. O'Neal, but jurisdiction of it was retained for the purpose of requiring an accounting as to the Bank. This appeal is from that decree.

At this time the only question we are called on to answer is whether or not under the terms of the Will Isabelle B. Voorhies and W. R. O'Neal as executors, were clothed with power to name a successor trustee and if so was the power so vested properly exercised.

The chancellor answered this question in the affirmative and we have reached the conclusion that his judgment must be affirmed. In support of this judgment the concluding paragraph of the Will, as quoted, provides: "I further direct that should either or both of them (Isabelle B. Voorhies and W. R. O'Neal) refuse to qualify, they jointly, or either if the other is incapacitated, may appoint a successor or successors to carry out this trust."

This was an express direction to the executors named to

designate successors to execute the trust in the event they (those named) refused to qualify or were for any reason incapacitated to act. It appears admitted that the law upholds the power given by Will to appoint successor trustees. Perry on Trusts, 7th Ed., Vol. 1, Sec. 287; 65 C. J. 581, Sec. 358.

Appellants contend that the power to appoint so given was limited to the appointment of successor administrators. The terms of the Will do not support this contention and the inferences that may be fairly drawn from it support the ruling of the chancellor. It may be assumed that the testator intended that the executors named act as the trustees to administer the trust, but it is clear that he empowered them to name successors in the event they failed to do so.

Isabelle Voorhies and William R. O'Neal are expressly designated as executors of the estate and are clothed with power to administer the trust. Under the terms of the Will the trust fund is provided and the remainder of the estate is distributed so as executors nothing was required to be done except pay debts and funeral expenses and provide the trust fund which was to be administered by the trustees. All assets of the estate were distributed by the Will except the trust fund.

The function of an executor and a trustee is in some respects technically different, but in many respects it is the same and the function of an executor is generally that of a trustee. Whether the testator bore these distinctions in mind in making of his Will is not material here, the primary duty imposed was that of trustee, and when he gave those designated power to name successors we can reach no other conclusion than that he empowered them to designate successor trustees as their duty as executors was completed.

When the trust fund was created their duties as executors were concluded. The evidence shows conclusively why they declined to administer the trust and everybody connected with the Will at the time so construed it. The trustees and the beneficiaries had the advice of counsel. The appointment of the First National Bank as successor trustee was approved by the County Judge, the securities in which the trust funds were invested were approved by him, and the beneficiaries under the Will acquiesced in and agreed to the substitution of trustees in that for more than four years they accepted interest payments from the bank on the securities the trust funds were invested in and Clifford Wyckoff Voorhies, one of the beneficiaries, accepted from the Bank most of the principal of the trust fund provided for him under the Will.

Under such circumstances the decree of the chancellor finds ample support in the record and we must decline to disturb it. His judgment is accordingly affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.