547 So.2d 683 (1989)
Maxine M. BRENT, Appellant,
v.
George A. SMATHERS, Alicia Lammerts and James F. Breuil, Jr., Appellees.
No. 88-2779.
District Court of Appeal of Florida, Third District.
July 25, 1989.
Rehearing Denied September 26, 1989.
*684 McDermott, Will & Emery and Steven E. Siff and Eileen L. Parsons, Miami, for appellant.
Floyd Pearson Richman Greer Weil Zack & Brumbaugh and Ray H. Pearson and Andrew J. Mirabito and Sally R. Doerner, Miami, for appellee Smathers.
Jones, Brown & Brennan and Rickman P. Brown, Atlanta, Ga., for appellees Lammerts and Breuil.
Before BASKIN, FERGUSON and LEVY, JJ.
FERGUSON, Judge.
James F. Breuil, now deceased, left a will which created a master trust and a marital trust naming as trust beneficiaries, his wife, Maxine Brent, and his two children by a prior marriage, James Breuil, Jr. and Alicia Lammerts. Mrs. Brent and Breuil's attorney, George Smathers, were named cotrustees for the administration of the trust. Both were also co-representatives of the estate. Smather's law firm, Smathers and Thompson, represented Mrs. Brent in both her capacities as cotrustee and personal representative.
After the estate was closed, Brent commenced this action against Smathers, as trustee, for breach of fiduciary duty, and against the other beneficiaries for unjust enrichment, alleging that as the beneficiary of the marital trust she received less than her proper share of income, and that a misallocation of capital gains taxes to the marital trust resulted in that trust incurring a disproportionate tax liability. The defendants filed motions for summary judgment contending that Brent, as a beneficiary and a trustee, had acquiesced in the *685 disbursements she now claims were erroneous, and that she is, therefore, estopped from making the claims. The trial court agreed and granted summary judgment. We affirm in part and reverse in part.

Cause of Action Against Cotrustee
There is no allegation of mismanagement or abuse of discretion by Smathers in his capacity as cotrustee. See Cohen v. Friedland, 450 So.2d 905 (Fla. 3d DCA 1984). Instead, Mrs. Brent's claim against Smathers sounds in negligence resulting in an inequitable impact upon the marital trust to which she was the sole beneficiary. Our focus then must be on Smather's conduct vis-a-vis Brent, rather than on the relationship of Smathers to the trust, since the harm, as alleged, is only that suffered by Brent as sole beneficiary to the marital trust.
Although Mrs. Brent admits that she was aware of, and approved the transactions in question, she contends that her consent does not negate a cause of action for breach of fiduciary duty against Smathers as cotrustee because when she gave her consent she had no knowledge of the effects of the disbursements. Mrs. Brent alleges that as a lay trustee, she relied on Smather's expertise as a trustee attorney to provide her with the necessary guidance in her role as cotrustee, and that his failure to properly advise her constituted a breach of fiduciary duty.
We agree that consent may be vitiated where a beneficiary "did not know of his rights and of the material facts which the trustee knew or should have known and which the trustee did not reasonably believe that the beneficiary knew," Restatement (Second) of Trusts § 216(2)(b) at 499 (1959); Smith v. Bank of Clearwater, 479 So.2d 755 (Fla. 2d DCA 1985). Nevertheless, we do not accept Mrs. Brent's argument that a lay trustee for an estate may rely on the expertise of a cotrustee attorney in matters regarding the administration of the estate, and maintain an action against the attorney in his capacity as cotrustee where an administrative decision approved by all the trustees results in a diminishment of the estate to the detriment of the trustee-beneficiary. We reach this holding based on the following legal principles.
A beneficiary who consents to, acquiesces or concurs in, or ratifies with full knowledge, an act of a trustee in allocating trust assets may, on the ground of waiver or estoppel, be precluded from later objecting to the impropriety of the act and from holding the trustee liable for any resulting loss. See Voorhies v. Blood, 126 Fla. 710, 171 So. 658 (1936) (beneficiaries who acquiesced in substitution of trustees and who accepted benefits of investment could not later complain). See generally Annotation, Beneficiary's Consent to, Acquiescence in, or Ratification of, Trustees' Improper Allocation or Distribution of Assets, 29 A.L.R.2d 1034 (1953); Restatement (Second) of Trusts § 216 (1959). The axiom is based on the proposition that "[i]t would be unfair to allow the [beneficiary] to contend that the act which he impliedly said would be rightful was in fact wrongful." G. Bogert, Trusts & Trustees § 941 at 448 (rev. 2d ed. 1982). When the beneficiary is also a cotrustee, the rule applies with particular force. 76 Am.Jur.2d Trusts § 336 (1975).
A trustee is under a duty to keep the beneficiaries reasonably informed about the trust and its administration. G. Bogert, Trusts & Trustees § 961 (rev. 2d ed. 1982); § 737.303, Fla. Stat. (1987). In setting forth the extent of this duty to inform, the Restatement (Second) of Trusts § 173 at 378 (1959), provides as follows:
The trustee is under a duty to the beneficiary to give him upon his request at reasonable times complete and accurate information as to the nature and amount of the trust property, and to permit him or a person duly authorized by him to inspect the subject matter of the trust and the accounts and vouchers and other documents relating to the trust.
Comment (d) to section 173 states that in the absence of a request, the trustee is ordinarily not under a duty to furnish information *686 to the beneficiary. However, "he is under a duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection in dealing with a third person with respect to his interest." Id. at 379. See also Zottarelli v. Pacific States Savs. & Loan, 94 Cal. App.2d 480, 211 P.2d 23 (1949). Therefore, as a trustee, Smathers had no affirmative duty to explain the effects of the transactions to the beneficiaries unless such an explanation was requested or he knew that they did not have knowledge of the facts. It is undisputed that Mrs. Brent never inquired about the effects of the disbursements.
Facts known to Mrs. Brent in her capacity as cotrustee, or which should have been known, are imputed to her as a beneficiary. Scullin v. Clark, 242 S.W.2d 542 (Mo. 1951) (trustee who is also a beneficiary cannot withhold information from himself). As a cotrustee, she had, or should have had, knowledge equal to that of the cotrustee Smathers regarding the disputed transactions. In administering a trust, a trustee is obligated to be fully informed as to all relevant facts. 90 C.J.S. Trusts § 247 (1955); § 737.302, Fla. Stat. (1987). If there are several trustees, each is under a duty to participate fully in the administration of the trust. IIA. W. Fratcher, Scott on Trusts, § 184 (4th ed. 1987). It is improper for one trustee to delegate to another trustee functions relating to the administration of the trust and a trustee who does so is guilty of a breach of trust. Id. See Ball v. Mills, 376 So.2d 1174, 1182 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1116 (Fla. 1980) (cotrustees are obligated to "maintain an attitude of vigilant concern" for the proper administration of the trust).
Mrs. Brent contends that this case is further complicated by the fact that cotrustee Smathers was a partner in the firm that represented her in her representative capacities.[1] Employment of an attorney, however, does not relieve the trustee from his personal responsibility for diligent administration of the trust. In re Fidelity Union Title & Mortg. Guar. Co., 136 N.J. Eq. 294, 41 A.2d 392 (N.J.Ch. 1945). Furthermore, Smather's duties as a cotrustee were separate and distinct from his law firm's duties as legal counsel to Mrs. Brent. See Wylie v. Bushnell, 277 Ill. 484, 115 N.E. 618 (1917) (when trustee is also acting in another fiduciary capacity, his duties in the two relations are separate and distinct).
Because Mrs. Brent failed to inquire about the disputed transaction and was not justified in shifting her responsibilities to the cotrustee, Smathers, she is estopped from holding Smathers liable for any diminishment of her beneficial interest in the trust.

Cause of Action Against Beneficiaries
Where a trustee mistakenly overpays one of several beneficiaries of a trust, the improperly paid beneficiary is obligated to restore to the trust fund any monies to which he was not entitled. G. Bogert, supra, § 191 at 482 and cases cited therein; Restatement (Second) of Trusts § 254 (1959). If permitted to profit from the trustee's mistake, the beneficiary would be unjustly enriched. IIIA. Scott on Trusts, supra, § 254 at 370. See Hoffa v. Fitzsimmons, 673 F.2d 1345, 1354 (D.C. Cir.1982). There are two recognized circumstances where the beneficiary who was overpaid may not be compelled to repay the trust fund: the first is where the trustee made the overpayment dishonestly; the second is where the trustee made the mistake in good faith but the overpaid beneficiary has so changed his position as to make it inequitable to enforce payment or charge his estate. Restatement (Second) of Trusts, supra, § 254, Comment (e).[2] *687 The beneficiaries have yet to raise either of the defenses. There are factual questions as to whether an excessive amount of capital gains taxes was charged to the marital trust and, if so, whether recovery is barred by a dishonest act of Mrs. Brent as cotrustee, or precluded by a change of position by the beneficiaries Lammerts and Breuil. On the present state of the record the beneficiaries are not entitled to a judgment, as a matter of law, on the unjust enrichment claim.
The summary judgment is affirmed as to Smathers and reversed as to the beneficiaries Lammerts and Breuil.
NOTES
[1] We held earlier, on certiorari review, that it was a conflict of interest for Smather's law firm, which had represented Mrs. Brent as cotrustee, to represent Smathers, as a cotrustee, in this dispute between the two trustees. Brent v. Smathers, 529 So.2d 1267 (Fla. 3d DCA 1988).
[2] These defenses apply in an action brought by the trustee, who has made an overpayment out of that trust estate, seeking to recover the overpayment for his own benefit. Other authorities are of the view that only a change in position by the overpaid beneficiary would bar recovery in an action brought by or on behalf of the beneficiaries. IIIA. W. Fratcher, Scott on Trusts, § 254 at 371 (4th ed. 1988). For the reasons already expressed regarding the duties of a cotrustee and the imputation of the cotrustee's knowledge to the beneficiary where the cotrustee is also the complaining beneficiary, Mrs. Brent's action would be subject to the recognized defenses.