BASKIN, Judge.
Dolores Dollman and other appellants [1] appeal a final summary judgment and a final judgment for costs in favor of Shutts & Bowen and William Wood. Their lawsuit alleged that Shutts & Bowen negligently failed to “monitor and supervise” Wood, a partner in the firm, and that Wood was guilty of legal malpractice. We reverse.
*321 The record discloses that genuine issues of material fact exist. Whether Wood communicated to the Dollmans the proposed cash purchase of the estate’s real property and whether Shutts & Bowen failed to inform the Dollmans of the circumstances surrounding Wood’s disassociation from the firm are issues of material fact. Appel-lees’ reliance on Brent v. Smathers, 547 So.2d 683 (Fla. 3d DCA 1989), is misplaced. In Brent, this court held that a co-trustee does not have an affirmative duty to explain the effects of transactions to a beneficiary/co-trustee who consented to the transactions unless an explanation is requested, or the co-trustee knew that the beneficiary/co-trustee did not have the necessary knowledge of the facts to understand the transactions. That is not the situation here. Whether the Dollmans had knowledge of the transactions undertaken by attorney/co-trustee Wood constitutes a genuine issue of material fact under the record presented. Some of Wood’s actions appear to contravene the Dollmans’ explicit instructions. Furthermore, the record establishes that the Dollmans engaged counsel because they did not possess the knowledge or skills necessary to administer the estate funds. Those circumstances - distinguish this case from Brent.
Appellees have failed to demonstrate the absence of any genuine issues of material fact. Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966). Drawing “every possible inference in favor of the party against whom a summary judgment is being sought,” Moore, 475 So.2d at 668, we reverse the final summary judgment and the final judgment awarding appellees costs.
Reversed and remanded.

. The appellants are Dolores Dollman, individually; Dolores Dollman, as personal representa *321 tive of the Estate of Henry Dollman; Dolores Dollman, as trustee of the Dolores Dollman Charitable Trust; Paul Dollman, individually; Paul Dollman as trustee of the Paul Dollman Grantor Trust; William Dollman, individually; William Dollman, as trustee of the William Doll-man Grantor Trust; and the Federal Collateral Society, Inc., the Dollman family jewelry and pawn business.