KLEIN, J.
Appellant was a co-trustee of a trust from which funds were stolen by another co-trustee. He asserts that, even though he was inattentive, the trial court should not have found him liable for the loss. We disagree and affirm.
The dishonest co-trustee, who was appellant’s brother and a lawyer, converted money from the trust to his personal use by having appellant sign checks on the trust bank account in blank. There was evidence showing that the co-trustee was able to carry out this scheme over a period of time because the appellant did not review bank statements, cancelled checks, or the bills which his co-trustee was allegedly paying.
Appellant, as a trustee, was under a duty to administer the trust diligently for the benefit of the beneficiary. § 737.301, Florida Statutes (1995). Where there are several trustees, each is under a duty to participate fully in the administration of the trust. Brent v. Smathers, 547 So.2d 683 (Fla. 3d DCA 1989). One trustee who delegates to another the administration of a trust breaches the duties of a trustee. Id. Ball v. Mills, 376 So.2d 1174 *770 (Fla. 1st DCA 1979)(co-trustees are required to “maintain an attitude of vigilant concern”). The fact that the co-trustee was a lawyer does not relieve appellant from his personal responsibility to the trust. Brent, 547 So.2d at 686 (citing In re Fidelity Union Title & Mortg. Guar. Co., 136 N.J.Eq. 294, 41 A.2d 392 (N.J.Ch. 1945)).
Appellant argues that not all of the stolen funds could be directly attributed to checks which he had signed in blank. That argument overlooks the fact that appellant paid no attention whatsoever to the manner in which the co-trustee administered the trust. Signing the blank checks was only one aspect of his failure to carry out his responsibilities as a trustee.
Appellant also argues that there will be an improper double recovery for the trust in this case because the dishonest co-trustee, as a result of criminal proceedings, is making monthly restitution payments. We agree, as did appellee at oral argument, that there should not be a double recovery; however, that is not a ground for reversal of this judgment. Rather, if appellant is forced to pay this judgment, which has been stayed pending this appeal, and restitution payments from the dishonest co-trustee will result in a double recovery, appellant would be entitled to receive those payments under the doctrine of subrogation. North v. Albee, 155 Fla. 515, 20 So.2d 682 (1945)(subroga-tion arises where one having a liability pays a debt due by another under such circumstances that he is in equity entitled to the security held by the creditor whom he paid).
Affirmed.
SHAHOOD and HAZOURI, JJ., concur.