On Motion for Rehearing
 

 RAMIREZ, J.
 

 We deny appellee’s motion for rehearing, but substitute the following for the opinion issued December 14, 2011:
 

 Marjorie Rosenkrantz appeals from an order dismissing her complaint for failure to state a cause of action. Because Rosen-krantz’ complaint states a claim for declaratory relief, we reverse.
 

 Gertrude Feit executed a Durable Power of Attorney when she began having
 
 *528
 
 memory loss. . Gertrude named her daughter, Rosenkrantz, and her son, James Feit, as- attorneys-in-fact to oversee her financial affairs. Gertrude and James live in Miami-Dade County, Florida. Rosen-krantz, who lives in New York, alleges that her brother refuses fully to account for their mother’s assets, and objects to her efforts to obtain information directly from the financial institutions. Rosenkrantz contends that James’ actions impair her ability to carry out her responsibilities as a co-attorney-in-fact, and she is in doubt as to her rights under the power of attorney.
 

 Rosenkrantz filed the instant action seeking a declaration of her rights, as well as an order for an accounting from James. After one amendment, the trial court dismissed with prejudice Rosenkrantz’ complaint for failure to state a cause of action. We review the trial court’s order of dismissal for abuse of discretion.
 
 See Acad. Express, LLC v. Broward Cnty.,
 
 53 So.3d 1188, 1190 (Fla. 4th DCA 2011) (“Generally, the standard of review of a dismissal for failure to state a cause of action is de novo. However, in cases where the complaint seeks declarative relief, the standard of review is an abuse of discretion.” (citations omitted)).
 

 Florida’s Declaratory Judgment Act, §§ 86.11 to 86.111, Fla. Stat. (2010), gives jurisdiction to the circuit courts to grant declaratory relief.
 
 State, Dep’t of Envtl. Prot. v. Garcia,
 
 — So.3d -, 2011 WL 3300540 (Fla. 3d DCA 2011). A party “seeking declaratory relief must allege ultimate facts showing that there is ‘a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff; the plaintiffs doubt about the existence or nonexistence of his rights or privileges; that he is entitled to have the doubt removed.’ ”
 
 Id.
 
 at-(quoting
 
 Conley v. Morley Realty Corp.,
 
 575 So.2d 253, 255 (Fla. 3d DCA 1991)).
 

 The durable power of attorney executed by Gertrude made Rosenkrantz and James co-attorneys-in-fact. In Florida, co-attorneys-in-fact under a durable power of attorney are liable “for failure either to participate in the administration of assets subject to the power or for failure to attempt to prevent a breach of fiduciary obligations thereunder.” § 709.08(9)(d), Fla. Stat. (2006).
 
 [1]
 
 Under Section 709.08(9)(a), “concurrence of both is required on all acts in the exercise of power.” Further, section 709.08(8) provides that an attorney-in-fact
 

 is a fiduciary who must observe the standards of care applicable to trustees as described in s. 737.302. The attorney in fact is not liable to third parties for any act pursuant to the durable power of attorney if the act was authorized at the time. If the exercise of the power is improper, the attorney in fact is liable to interested persons as described in s. 731.201 for damage or loss resulting from a breach of fiduciary duty by the attorney in fact to the same extent as the trustee of an express trust.
 

 Thus, those acting as co-attorneys-in-fact must be guided by the same fiduciary principles applicable to co-trustees. As our sister court has observed:
 

 It goes without saying that co-trustees owe to each other, as well as to the beneficiaries of the trust, the duty and obligation to so conduct themselves as to foster a spirit of mutual trust, confi
 
 *529
 
 dence, and cooperation to the extent possible. At the same time, the trustees should maintain an attitude of vigilant concern for the proper administration or protection of the trust business and affairs.
 

 Ball v. Mills,
 
 376 So.2d 1174, 1182 (Fla. 1st DCA 1979);
 
 see also Anton v. Anton,
 
 815 So.2d 768 (Fla. 4th DCA 2002);
 
 Brent v. Smothers,
 
 547 So.2d 683 (Fla. 3d DCA 1989). Co-trustees have the right to ask each other for an accounting.
 
 See Payiasis v. Robillard,
 
 171 So.2d 630 (Fla. 3d DCA 1965); George Gleason Bogert & Amy Morris Hess,
 
 Trusts and Trustees
 
 967 (2011).
 

 Rosenkrantz’ complaint alleges that she sought information regarding Gertrude’s finances but was unable to obtain the information without James’ concurrence as co-attorney. Therefore, Rosen-krantz found herself on the horns of a dilemma. On the one hand, as co-trustee, Rosenkrantz had a fiduciary duty to oversee the administration of Gertrude’s finances. On the other hand, Rosenkrantz could not act in the exercise of her power without the concurrence of James.
 

 Rosenkrantz thus sought declaratory relief to determine: 1) the extent to which she can, as a co-attorney-in-fact, act without the concurrence of a co-attorney to obtain financial information necessary to perform her duties; and 2) whether she, as one co-attorney, is entitled to an accounting from the other co-attorney. If the allegations are proven as pled, it is clear that Rosenkrantz acted properly and prudently in seeking to fulfill her fiduciary role.
 
 [2]
 
 As a co-attorney, and co-fiduciary, Rosen-krantz had both the right and the duty to seek information regarding Gertrude’s finances from James.
 

 Here, Rosenkrantz has alleged a bona fide dispute between herself and James concerning Rosenkrantz’ rights under the power of attorney for Gertrude. Rosen-krantz is in doubt as to her rights, and is entitled to declaratory relief to have these doubts removed. Thus, the trial court’s order dismissing Rosenkrantz’ complaint with prejudice is an abuse of discretion.
 

 Accordingly, we reverse the order dismissing the complaint, and remand for further proceedings.
 

 Reversed and remanded.
 

 [1]
 

 . In 2011, the Florida Legislature substantially revised, rewrote and renumbered Chapter 709, and repealed sections 709.01, 709.015, 709.08 and 709.11. Ch. 2011-210, Laws of Fla. (2011). These changes became effective on October 1, 2011, and thus are not applicable to the case at bar.
 

 [2]
 

 . It should be noted that the Florida Legislature addressed these very issues in its 2011 revisions to Chapter 709. Among the several significant changes, the new statutory scheme provides:
 

 — A principal may designate two or more persons to act as co-agents, and unless the power of attorney otherwise provides, each co-agent may exercise its authority independently. § 709.2111(1), Fla. Stat. (2011).
 

 — If a power of attorney requires that two or more persons act together as co-agents, one or more of the agents may delegate to a co-agent the authority to conduct banking transactions pursuant to the power of attorney. § 709.2111(6).
 

 — An agent may be required by a co-agent to disclose receipts, disbursements, or transactions conducted on behalf of the principal. § 709.2114(6).
 

 — An agent (including a co-agent) may petition a court to construe or enforce a power of attorney, review the agent’s conduct, terminate the agent’s authority, remove the agent, and grant other appropriate relief. § 709.2116(1).
 

 — An agent’s exercise of power may be challenged in a proceeding brought on behalf of the principal on the grounds that the exercise of the power was affected by a conflict of interest. § 709.2116(4).