IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 18-30572
Summary Calendar

October 18, 2018

Lyle W. Cayce
Clerk

EDMOND STOKES, substituted as proper party for deceased plaintiff
McKinley Polk; JEREMY STOKES, substituted as proper party for deceased
plaintiff McKinley Polk,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC NO. 2:17-CV-1164

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

McKinley Polk was injured while riding on a bus that hit a pothole on
Canal Street in New Orleans. Because the Department of Veteran's Affairs
(VA) operated the bus, the negligence suit that followed was filed in federal
court. After a bench trial, the magistrate judge found that the VA driver was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-30572

negligent and assessed damages of $10,000 for pain and suffering and just over $1,000 for medical expenses.  The judge then reduced those amounts by 15% based on the negligence of the City of New Orleans in not fixing the dangerous pothole.  Edmond and Jeremy Stokes, Polk's sons who took over the lawsuit when Polk passed away for reasons unrelated to the bus accident, challenge the judgment on two grounds.  They argue that the pain and suffering award is inadequate and that New Orleans should not be held partly responsible for the accident.  Seeing no clear error in the trial court's factual determinations to the contrary, we AFFIRM.

## I.

Polk was on his way to a VA mental health facility when the driver of the bus hit a bump on Canal Street.  He was thrown into the air and hit the back of his neck when he landed.  The driver testified that he knew the pothole was there because he had driven that route so often.  He estimated he was driving around 30 or 35 miles per hour at the time.  A passenger testified that the VA bus had gone over that same bump "hundreds of times."  He also stated that the bump had been there since an evidently unsuccessful attempt to fill a previous pothole.  The passenger recalled that the driver quickly accelerated just before hitting the bump, causing the front of the bus to dip and tossing the passengers into the air.  Finding the testimony of both the driver and the passenger credible, the magistrate judge hearing the case by consent determined that the driver had been negligent.

The federal government was not the only actor the trial court found responsible.  Concluding that New Orleans knew the pothole created an unreasonable risk but had not repaired it, the magistrate judge apportioned 15% of liability to the city.

As for damages, Polk alleged the incident caused neck and lower back pain.  But Polk was no stranger to those symptoms. He had been experiencing

No. 18-30572

recurrent back pain for at least the previous 37 years.  In fact, just three weeks before the accident he had visited Dr. Michael Zeringue and complained of severe back and neck pain.  Polk returned to Dr. Zeringue after the accident and stated that his condition had worsened.  Dr. Zeringue testified that the accident had aggravated Polk's preexisting pain but had not produced any substantial changes in Polk's physical condition.  Polk received treatment for his pain from the time of the accident until he passed away three years later.

In light of Polk's long history of back and neck pain, the testimony of Dr. Zeringue, and the testimony of one of Polk's sons, the magistrate judge concluded that $10,000 was an appropriate award for pain and suffering.  After adding the medical expenses, which barely exceeded $1,000, and then reducing for the 15% attributable to New Orleans, the trial court entered judgment against the United States for $9,386.13.

## II.

The district court's factual findings are reviewed for clear error.  *Tokio Marine & Fire Ins. Co. v. FLORA MV*, 235 F.3d 963, 970 (5th Cir. 2001) (addressing apportionment of liability); *Moore v. M/V ANGELA*, 353 F.3d 376, 384 (5th Cir. 2003) (addressing assessment of damages).  We can only override them if we have a "firm and definite conviction that a mistake has been made." *Id.* at 382 (cleaned up).

## A.

That error is not present in the magistrate judge's comparative fault finding.  State law provides the substantive law for Federal Tort Claims Act cases like this one.  28 U.S.C. § 2674.  Louisiana is a pure comparative negligence state, meaning that a factfinder must assess the relative fault not just for parties like the United States but also for nonparties like New Orleans. La. Civ. Code Ann. art. 2323(A).  The city has a duty of care over property it owns or that is in its custody. *McClelland v. City of Shreveport,* 108 So. 3d 810,

No. 18-30572

813–14 (La. App. 2d Cir. 2013).  That duty is breached if the city "had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence" and had "a reasonable opportunity to remedy the defect."  La. Rev. Stat. § 9:2800(C).  A city is charged with constructive notice when a defect existed long enough that ordinary diligence would have led city officials to discover it.  *LeBlanc v. City of New Orleans*, 573 So. 2d 1274, 1276 (La. App. 4th Cir. 1991).

The magistrate judge's finding of that constructive notice was largely based on the testimony from Polk's fellow passenger that we have already mentioned (that passenger also sued the United States, but his case settled before this trial).  According to him, the bump that the bus had gone over "hundreds of times" resulted from a completed construction job on Canal Street.  The driver corroborated the testimony that the bump had existed for a long time.  This is enough to support the conclusions that the road hazard existed long enough for New Orleans to do something about it, especially given the reasonable inference that the city created the defect during the construction project.

The Stokes also argue that the evidence was insufficient to support the finding that the bump created an unreasonable risk.  A Louisiana municipality has no duty to repair a defect unless it creates an unreasonable risk of harm.  *Joseph v. City of New Orleans*, 842 So. 2d 420, 423 (La. App. 4th Cir. 2003).  The Stokes contend that it was the VA bus driver who created the risk when he drove over the bump at a speed of 30 to 35 miles per hour.  But the magistrate found that it was the driver's speed in addition to his prior knowledge of the bump that made his conduct negligent.  That an experienced driver should have known to slow down does not mean the bump did not pose an unreasonable risk to drivers less experienced with this particular stretch of Canal Street.  Then again, most drivers understand that they should be on the

4

lookout for potholes.  But even if the risk question is debatable, the magistrate judge did not clearly err in finding that the bump created an unreasonable risk that New Orleans had a duty to repair.

B.

The Stokes' appeal of the pain and suffering award faces, if anything, an even more daunting standard of review.  Because of the "intangibility" of nonpecuniary harms like pain and suffering or emotional distress, we are "exceedingly hesitant" to overturn a factfinder's judgment calls in this area. *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 484 (5th Cir. 2015). The magistrate judge engaged in a thorough review of damages awarded in the Eastern District of Louisiana for aggravation of a plaintiff's preexisting back pain.  Those pain and suffering awards ranged from $4,000 to $25,000.  The magistrate judge did not clearly err in awarding damages at the lower end of that range given his determination that the accident led only to a small exacerbation of Polk's pain.  Contrary to the Stokes' contention, the magistrate judge did consider the duration of Polk's pain.  He determined that the slight increase in Polk's already substantial pain over the remaining years of his life was adequately compensated by an award of $10,000.  We will not disturb that finding made by the judge who heard the testimony.

\* \* \*

The judgment is AFFIRMED.