SABRINA ROBERTSON AND WALTER ROBERTSON

VERSUS

THE KEARNEY COMPANIES, INC.

*      NO. 2020-CA-0605

*      COURT OF APPEAL

*      FOURTH CIRCUIT

*      STATE OF LOUISIANA

*

*

* * * * * * *

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS.**

I respectfully dissent. The record presented by the defendant, The Kearney Companies, Inc. ("Defendant"), in support of its motion for summary judgment presents a genuine issue of material fact. The hole depicted in the photographs submitted by Defendant is in asphalt. However, in her deposition, Mrs. Robertson testified repeatedly that she tripped in a hole on the pathway, and Mr. Robertson testified that the pathway in which his wife tripped was made of concrete. Therefore, a genuine issue of a material fact exists as to the hole in which Mrs. Robertson tripped.

The majority finds that "identifying the exact hole is not material or essential to the Robertsons' case."[1] I disagree. The measurements made by Mr. Evans on

---

[1] The majority makes the inference that all holes made by container pads throughout Defendant's premises are similar in dimension, such that, even if the hole depicted in the photographs submitted by Defendant is not the "exact hole" in which Mrs. Robertson tripped, the "exact hole" would have the same dimensions as the hole depicted in the photographs. Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. *Mashburn v. Collin*, 355 So.2d 879, 890 (La. 1977); *Hines v. Garrett*, 04-0806, p. 1 (La. 6/25/04), 876 So.2d 764, 765. "[E]ven where the facts are not disputed, 'genuine issues' in a La. C.C.P. art. 966 sense may exist as to what inferences might be drawn from those facts in those instances where reasonable fact finders might differ as to the meaning of such inferences. Where such inferences are 'material' in a La. C.C.P. art. 966 sense, then summary judgment is not appropriate." *Bell v. Dunn*, 04-2117, p. 3 (La. App. 4 Cir. 12/21/05), 924 So.2d 224, 228. I do not believe it is reasonable to infer that all "pad holes" on Defendant's property are the same nature, size and depth. The weight of a container, including its contents, and the length of time the container is stationed in a particular location would primarily govern the size and depth of the depression made by the container pad. Depressions would vary based on the ground (concrete or asphalt), the weight of the container and the length of time the container is stationary.

behalf of Defendant were of a hole in the asphalt Defendant claims is the situs of the accident. There is no evidence in the record as to the dimensions of the hole in the concrete pathway. This genuinely disputed fact is material as to whether the condition posed by the property under Defendant's control was "unreasonably dangerous" but "open, obvious and apparent."

For an alleged hazard to be obvious and apparent, our Supreme Court has consistently stated that the hazard should be one that is open and obvious to everyone who may potentially encounter it. *See Bufkin v. Felipe's Louisiana, LLC*, 14-0288, p. 7 (La. 10/15/14), 171 So.3d 851, 856; *Broussard v. State of Louisiana ex rel. Office of State Buildings*, 12-1238, p. 23 (La. 4/5/13), 113 So.3d 175, 192; *Pitre v. Louisiana Tech University*, 95-1466, p. 11 (La. 5/10/96), 673 So.2d 585, 591. The open and obvious inquiry thus focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge. *Broussard,* 12-1238, p. 18, 113 So.3d at 188.

I disagree with the majority and find that the situs of an accident and the nature of the hazardous condition are material in all open and obvious cases, especially the situs of tripping accidents on concrete pathways.[2] An open and obvious analysis is fact sensitive[3] and requires a legal analysis as to whether the situs of the accident is "unreasonably dangerous" but "open, obvious and

---

[2] The present case is clearly distinguishable from cases where a condition was blatantly open and obvious to all, such as a concrete barrier on a vehicle ramp in *Ludlow v. Crescent City Connection Marine Division*, 15-1808 (La. 11/16/15), a large construction dumpster the size of a pickup truck placed on a sidewalk in *Bufkin, supra*, or shopping carts in a parking lot in *Rodriguez v. Dolgencorp, L.L.C.*, 14-1725 (La. 11/14/14), 152 So.3d 871. A hole in a pathway may or may not be open and obvious to all depending on the length, width, and depth of the hole and its location, amongst other factors.

[3] *See e.g.*, *McClelland v. City of Shreveport*, 47,570 (La. App. 2 Cir. 1/16/13), 108 So.3d 810 (crack in sidewalk classified as a "3" on the severity/repair priority scale); *Minix v. Pilot Travel Centers, LLC*, 2018-1197 (La. App. 1 Cir. 5/31/19), 277 So.3d 810, *writ denied*, 2019-1074 (La. 10/8/19), 280 So.3d 149 (pothole in area of a truck stop adjacent to the fueling island where truck driver had parked his rig); *Lewis v. B-3 Prop.*, 2020-0125 (La. App. 4 Cir. 8/7/20), 2020 WL 4561818 (tenant slipped and fell in a puddle of water and algae that had formed on the sidewalk from a leaking air conditioning unit).

apparent." *Bufkin*, 14-0288, p. 6, 171 So.3d at 856. The *Bufkins* Court analyzed the following risk-utility balancing test to determine whether the premises created an unreasonably dangerous condition: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Id* (citations omitted).

In the case *sub judice*, various issues cannot be resolved without sufficient evidence as to the situs of the accident and characteristics of the hazardous condition, including the following: (a) whether a reasonable person exercising ordinary care would recognize the hole in the concrete pathway as a tripping hazard; (b) whether the condition of the premises where the accident occurred was such that a reasonable person exercising ordinary care would not know there was a hole or depression in the pathway; (c) whether the hazard is open and obvious to all persons using the pathway such that there exists a duty to observe the hazard and there is no excuse for not seeing the hazard; and (d) whether the nature of the concrete pathway and its location to the other holes in the asphalt work yard distorts the ability of a reasonable person exercising ordinary care to recognize the dangerous condition as being a tripping hazard.

Courts' open and obvious objective analysis in a summary judgment proceeding requires that the condition of the premises of the situs of the accident be properly identified and described, and undisputed. A defect on a concrete pathway and a defect on the asphalt work yard have different characteristics and risk-utility considerations. These material issues of fact need to be resolved. If the situs of the accident and description of the defect are undisputed, then a court can proceed with its open and obvious analysis in a summary judgment proceeding. If these two factual issues are in dispute, then a trier of fact must resolve these factual

issues in a trial on the merits. The record is not developed as to precisely the situs of Mrs. Robertson fall, the description of the hazardous condition, and the characteristics of the premises.  Without undisputed evidence, the Court is unable to perform the risk-utility balancing test to determine whether the premises as a whole created an unreasonably dangerous condition that was not open and obvious to a reasonable person exercising ordinary care. The mover in a summary judgment proceeding must provide sufficient evidence to identify the actual dangerous condition that needs to be analyzed by the courts. Defendant failed to meet its evidentiary burden, and the summary judgment should have been denied.

Accordingly, I would reverse the judgment of the district court granting Defendant's motion for summary judgment and remand this matter to the district court for further proceedings.