PER CURIAM.
|, Plaintiff filed suit against defendant alleging she was injured when she “attempted to thread her way through a maze” of shopping carts, and her left foot came in contact with a shopping cart wheel, which caused her to step back and fall. Defendant moved for summary judgment, arguing plaintiff was unable to establish presence of the shopping cart in the parking area presented an unreasonably dangerous condition. In support, defendant relied on plaintiffs deposition in which she admitted to seeing the shopping cart which caused her fall.
The district court denied defendant’s motion for summary judgment, and the court of appeal denied supervisory review. This application followed.
Courts have recognized that the mere presence of obstacles in a store, such as shopping carts, does not create an unreasonable risk of harm when the condition is' open and obvious. See Russell v. Morgan’s Bestway of Louisiana, LLC, 47,914 at p. 8 (La.App. 2 Cir. 4/10/18), 113 So.3d 448, 453 (holding “[ejven though there were multiple stocking carts involved, we find this situation so open and obvious that [the plaintiff] was able to observe the carts and easily avoid any risk of harm”). In the instant case, defendant established plaintiff was aware of the presence of the shopping cart and could have avoided any harm through the exercise of ordinary care. The burden then shifted to the plaintiff to come forward with evidence (by affidavit, deposition, discovery response, or other form sanctioned by La.Code Civ. P. arts. 966 and 967) to demonstrate that she would be able to meet her burden at trial to show a 12duty on the part of defendant. Plaintiff failed to produce any evidence showing she could meet her burden at trial. Therefore, summary judgment in favor of defendant is mandated. See Bufkin v. Felipe’s Louisiana, LLC, 14-0288 (La.10/15/14), — So.3d-.
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is granted in favor of defendant.