BLEICH, J. (Pro Tempore )
*682 David Cox appeals a judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, granting a motion for summary judgment in favor of Baker Distributing Company, LLC. Cox's employer, Southwestern Motor Transport, Inc., has also appealed the judgment. For the following reasons, we reverse the trial court's judgment, and remand for further proceedings.
FACTS
On June 20, 2012, David Cox was making a delivery for his employer, Southwestern Motor Transport, Inc. ("Southwestern"), at the Shreveport warehouse facility owned by Baker Distributing Company, LLC ("Baker"), which is a wholesale distribution company selling heating and air conditioning equipment to contractors. On that day, Cox was delivering 51 shrink-wrapped pieces of material, which items were situated on four pallets. According to Cox, the Baker warehouse loading dock where he was unloading his delivery did not have an operable dock plate-a piece of equipment commonly used to bridge the gap between the bumper of a truck or trailer and the loading dock. Cox also maintains that the loading dock was congested with so many other objects that the forklift could not be used to unload his deliveries. Cox claims a Baker employee, Kenneth Chandler, asked if Cox could handle his own load, which he did. After unloading two pallets with a pallet jack, Cox commenced to unload the last two pallets with a dolly. When he pulled the last pallet from his truck using the dolly, his foot became wedged in the gap between his truck and loading dock. He stumbled, fell from the loading dock, and landed on his back.
Cox alleges he received permanent and disabling injuries as a result, and he received workers' compensation benefits from Southwestern and its workers' compensation insurer, Ace American Insurance Company ("Ace"). He filed suit against Baker, claiming that the defect in Baker's loading dock (i.e. , the failure to have a permanent operable dock plate) was unreasonably dangerous, and the defect was not open and obvious to all making deliveries to Baker. Additionally, he claimed Baker had a duty to provide safe ingress for deliveries, and it failed to provide an uncluttered loading dock and dock plate. Southwestern and Ace intervened in the lawsuit related to payments made to Cox. Ultimately, Baker filed a motion for summary judgment, arguing that Cox knew of the defect, making it open and obvious, and as a result, Baker was relieved of any duty to Cox. The trial court granted Baker's motion for summary judgment, and this appeal by Cox ensued. Southwestern's appeal of the same judgment followed.
SUMMARY JUDGMENT STANDARD
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau , 2007-1726 (La. 02/26/08), 977 So.2d 880. A summary judgment is reviewed on appeal de novo , with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, i.e. , whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, supra ; Black v. Johnson , 48,779 (La. App. 2 Cir. 04/09/14), 137 So.3d 170, writ denied , 2014-0993 (La. 09/12/14), 148 So.3d 574.
Summary judgment shall be rendered if the pleadings, depositions, answers to *683 interrogatories, admissions and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. La. C.C.P. art. 966 ; Winzer v. Richards , 50,330 (La. App. 2 Cir. 01/13/16), 185 So.3d 876, 879-80.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. Willis v. Medders , 2000-2507 (La. 12/08/00), 775 So.2d 1049, 1050.
DISCUSSION
Cox's two assignments of error are closely related.[1] First, he argues that the trial court erred in granting Baker's motion for summary judgment, because there are several material facts in dispute relating to the key question of whether the defect presented an unreasonable risk of harm. Second, Cox argues that the trial court was in error, because whether or not material facts were at issue, the trial court omitted any analysis applicable to this case by merely determining that the only question is whether the defect was open and obvious. As argued by Cox, an owner of a building is responsible for those injuries caused by a ruinous condition or defective component part that presents an unreasonable risk to others. Whether a defect presents an unreasonable risk of harm is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of fact. Because the trial court, in granting Baker's motion for summary judgment, simply declared the defect to be open and obvious, Cox maintains that the trial court was in error-the risk-utility balancing test is an essential inquiry into whether a defect creates an unreasonable risk of harm. According to Cox, by simply addressing the open and obvious nature of the defect, the trial court completely ignored other factors in the risk-utility balancing test.
Primarily, Cox alleges that the lack of a docking plate on Baker's loading dock was the cause of his injury; thus his claims against Baker stem from La. C.C. arts. 2317 and 2322. Article 2317 provides: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Article 2322 provides:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
Pursuant to art. 2322, a plaintiff must prove the following elements to hold the owner of a building liable for the damages caused by the building's ruin or a defective component: (1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the *684 ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and, (5) causation. Broussard v. State ex rel. Office of State Bldgs ., 2012-1238 (La. 04/05/13), 113 So.3d 175, 183. Additionally, our jurisprudence requires that the ruinous building or its defective component part create an unreasonable risk of harm. Entrevia v. Hood , 427 So.2d 1146, 1148-49 (La. 1983). The sole issue in this case is whether the defect in the loading dock was an open and obvious condition relieving Baker of any duty to those who encountered it, such as Cox.
As the Broussard court noted:
The owner of a building is not responsible for all injuries resulting from any risk posed by the building. Rather, the owner is only responsible for those injuries caused by a ruinous condition or defective component part that presents an unreasonable risk of harm to others. We have described the question of whether a defect presents an unreasonable risk of harm as "a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." As a mixed question of law and fact, it is the fact-finder's role-either the jury or the court in a bench trial-to determine whether a defect is unreasonably dangerous. Thus, whether a defect presents an unreasonable risk of harm is "a matter wed to the facts" and must be determined in light of facts and circumstances of each particular case.
To aid the trier-of-fact in making this unscientific, factual determination, this Court has adopted a risk-utility balancing test, wherein the fact-finder must balance the gravity and risk of harm against individual societal rights and obligations, the social utility of the thing, and the cost and feasibility of repair. Specifically, we have synthesized this risk-utility balancing test to a consideration of four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and, (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.
Id. at 183-84.
In this case, the trial court granted summary judgment in favor of Baker, concluding that the lack of a dock plate was an open and obvious defect, the second prong of the risk-utility inquiry used in Broussard . Under Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard. Id., citing Hutchinson v. Knights of Columbus, Council No. 5747 , 2003-1533 (La. 02/20/04), 866 So.2d 228, 235. In order for a hazard to be considered open and obvious, the jurisprudence has consistently stated the hazard should be one that is open and obvious to all, i.e. , everyone who may potentially encounter it. Id. (citations omitted).
Notably, the Broussard court determined that the question of whether a defect presents an unreasonable risk of harm is a "matter wed to the facts," Id. at 184, suggesting that such a determination might not be appropriate on a motion for summary judgment. However, the Supreme Court, in three cases subsequent to Broussard , held that absent any material factual issue, the summary judgment procedure can be used to determine whether a defect is open and obvious and, therefore, does not present an unreasonable risk of harm. See Bufkin v. Felipe's Louisiana, LLC , 2014-0288 (La. 10/15/14), 171 So.3d 851 (summary judgment for defendant was *685 proper where its dumpster on the street was obvious and apparent, thus reasonably safe to injured pedestrian whose vision was obstructed); Rodriguez v. Dolgencorp, LLC , 2014-1725 (La. 11/14/14), 152 So.3d 871 (summary judgment for defendant was proper where plaintiff tripped on shopping cart in the grocery store-"a situation so open and obvious" the plaintiff could have easily avoided any harm through ordinary care); Allen v. Lockwood , 2014-1724 (La. 02/13/15), 156 So.3d 650, 651 (summary judgment for defendant was proper where an unpaved, grassy parking area was deemed obvious and apparent to anyone who encountered it, and the plaintiff failed to produce any evidence of how the alleged defect caused the accident).
In this case, the trial court determined that the lack of a dock plate was an open and obvious hazard and, based on that sole conclusion, granted Baker's motion for summary judgment. Thus, the burden shifts to Cox to produce evidence showing he could meet his burden at trial to establish a duty by Baker. See Rodriguez, supra. Given the triumvirate of Supreme Court cases following Broussard, it is evident that summary judgment may be proper when the open and obvious doctrine is the issue; however, given the facts of this particular case, summary judgment was improper.
The simple lack of a dock plate, creating a gap between Cox's truck and the dock, might have been open and obvious. However, the facts that particularly stand out in this case are the conditions of the loading dock at the time Cox made his delivery and had to "hop the dock" (industry slang for stepping or jumping over that gap between a truck and the dock when there is no dock plate) in order to unload his four pallets. According to Cox, he backed up his truck to the loading dock, got out, and told the Baker employee, Chandler, he had a delivery. Then, as Cox described,
I went and opened up the back end of the truck, looked at it. [Chandler] says, "Well, I can't get to it." And I said, "Okay." As I turned around, they had a bunch of stuff in the aisle. So much so that [Chandler] could not get his forklift to maneuver around the inventory on the floor.
Cox had to "manhandle" the pallets off the truck and onto the platform, and eventually tripped on the gap while handling the third pallet.
Cox's description of the loading dock was corroborated in Chandler's deposition, where he described the loading dock, "[j]ust as you can see there's some boxes here that's been unloaded off of a truck (indicating) ... That's kind of a staging area. That's where we would work from putting it up." He noted there would be "stuff" on the loading dock, which could interfere with his ability to get to a forklift.
Clearly, a reasonable person encountering this situation would consider the rift between a truck and a loading dock an open and obvious hazard in and of itself, which the trial court might have properly noted. However, in this case it is the relationship between that nonexistent dock plate and the other conditions present at the time Cox made his delivery that gives rise to fact-specific issues, those being: the actual width of the gap between the truck and the loading dock; the crowdedness of the loading dock; the inability to use proper equipment because of that crowdedness; and, the lack of assistance in unloading the truck, given the tight situation on the loading dock. See Jones v. Stewart , 2016-0329 (La. App 4 Cir. 10/05/16), 203 So.3d 384, writs denied , 2016-1967 (La. 12/16/16), 211 So.3d 1169, 2016-1962 (La. 12/16/16), 212 So.3d 1174, *686 2016-1968 (La. 12/16/16), 212 So.3d 1175 (summary judgment for defendant was in error, because the homeowner's attic was not necessarily an open and obvious risk considering other conditions existing contemporaneously-i.e. , the attic was unfinished, unlit, and wet).
Therefore, considering not only the lack of a dock plate on the Baker loading dock, but the overall condition of the loading dock, Cox did not encounter necessarily an open and obvious condition, and material facts exist as to whether this situation created an unreasonable risk of harm to him. Given the fact-specific issues of this case, summary judgment in favor of Baker was improper, and the trial court's disposition was in error.
CONCLUSION
For the discussed reasons, the summary judgment in favor of Baker Distributing Company, LLC is reversed, and this matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Baker Distributing Company, LLC.
REVERSED AND REMANDED.

Southwestern raises substantially the same assignments of error in its appeal.