COX, J.
Joseph Sepulvado and Christy Sepulvado ("Mr. and Mrs. Sepulvado," respectively) brought a personal injury suit against The Charter Oak Fire Insurance Company and Yokem Motors, Incorporated[1] (collectively referred to as "Yokem") in the First Judicial District Court, Caddo Parish, Louisiana. The district court granted Yokem's motion for summary judgment. The Sepulvados now appeal. For the following reasons, we affirm the district court's judgment.
FACTS
Mr. Sepulvado was injured while exiting his vehicle at Yokem, a car dealership in Shreveport, Louisiana. On February 24, 2015, Mr. Sepulvado drove his 2007 GMC truck from DeSoto Parish to Shreveport. Mr. Sepulvado was going to meet with a Geico employee to get a repair estimate for the tailgate of his truck. At the time, Geico was renting a building on the Yokem premises.[2] Mr. Sepulvado was accompanied by Mrs. Sepulvado and their son, Aaron. Aaron's school was closed that day due to icy weather conditions.
While driving on the lot, Mr. Sepulvado was directed where to park by a Yokem employee. Mr. Sepulvado claims a Yokem employee by the name of Paul motioned for him to get out of his truck to meet him. Mr. Sepulvado claims that upon exiting his truck, he took three steps, his feet slid out from underneath him, and he fell on a thin layer of ice, injuring his back and head. Mrs. Sepulvado took Mr. Sepulvado to the emergency room at Christus Schumpert Highland Hospital. While waiting in the emergency room, Mr. Sepulvado claims he talked to two Yokem employees who slipped on the same patch of ice earlier in the morning.
In his deposition, Mr. Sepulvado stated the weather was bad and icy on the day of *982 the accident. He recalled seeing spots of ice on the side of the road while he was on his way to Geico that morning. When asked if there was any ice on the road, Mr. Sepulvado answered, "Probably. I can't really remember. Probably." He said he was the only car in the parking lot where he fell. He stated he did not see ice on the pavement until after he fell, when the people running to help him were sliding around. Mr. Sepulvado said that he did not see any ice on the ground where he fell. He assumed that ice caused him to fall because of the way his feet slid from underneath him. He further stated that his wife did not fall while checking on him and his truck did not slide while he was driving it on the lot.
Mrs. Sepulvado confirmed Mr. Sepulvado's recollection of the truck not sliding around on the lot. She also stated that she did not see any ice while assisting her husband after the fall. At the time she was running around the truck to check on Mr. Sepulvado, she did not know he fell because of ice.
Paul Bentzler was a Yokem employee who was working the morning of the accident. Mr. Bentzler stated he arrived to work at 6:30 a.m. and the back lot, where the employees park, was pretty much solid ice and "pretty slick." He said he saw Mr. Sepulvado pull up and park his truck, but he did not see Mr. Sepulvado fall. He only saw Mr. Sepulvado lying beside his truck. Mr. Bentzler stated that he helped Mr. Sepulvado get back on this feet because "it was slick." He also stated that Mr. Sepulvado drove straight to the Geico building after the fall and was there for about 30 minutes before leaving. Mr. Bentzler heard later that day that another employee had fallen in the back lot, but he did not see the fall.
On February 23, 2016, Mr. Sepulvado petitioned for both general and special damages, including past and future medical expenses; past, present, and future pain and suffering; and, past, present, and future mental anguish and distress. Ms. Sepulvado petitioned for damages for loss of consortium, services, and society.
Yokem and its insurer, The Charter Oak Fire Insurance Company, filed a motion for summary judgment because the Sepulvados could not meet their burden of proof as to the existence of an "unreasonable risk of harm." The district court granted Yokem's motion for summary judgment and stated the following:
[Mr. Sepulvado] knew that the weather was bad that day. On his way from his home to the location, he saw ice on the side of the road. [H]e testified to knowing that there were icy conditions and bad weather conditions.
* * *
So the plaintiff was certainly on notice, it was open and obvious that the conditions were bad, and that's the reason why school was closed[.] Everyone was on notice that the conditions were very dangerous, not only to drive, but also to walk in.
* * *
Even if he didn't see the specific patch of ice that he might have slipped and fell on, it's unclear from his testimony whether he actually slipped and fell. But be that as it is, he was certainly on notice that it was a dangerous situation, and he chose to travel on that day nonetheless.
The Sepulvados have appealed the district court's judgment.
DISCUSSION
The Sepulvados' sole assignment of error is that the district court erred in granting the motion for summary judgment in favor of Yokem. The Sepulvados argue *983 that a plaintiff's awareness alone does not justify a finding that the hazard was "open and obvious." They contend that although Mr. Sepulvado was aware of the icy conditions, Yokem had not taken any steps to abate the icy conditions in their parking lot. The Sepulvados request that this Court vacate the judgment of the district court and deny the motion for summary judgment.
A de novo standard of review is required when an appellate court considers rulings on motions for summary judgment, and the appellate court uses the same criteria that governed the district court's determination of whether summary judgment was appropriate. J & L Oil Co. v. KM Oil Co., LLC , 51,898 (La. App. 2 Cir. 2/28/18), 247 So.3d 147, 154. A court must grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
In addition to other elements, a plaintiff filing a claim against a merchant must prove the condition presented an unreasonable risk of harm and that the risk of harm was reasonably foreseeable. La. R.S. 9:2800.6. While merchants must exercise reasonable care to protect their patrons and keep their premises safe from unreasonable risks of harm, they are not insurers of their patrons' safety and are not liable every time an accident happens. Ton v. Albertson's, LLC , 50,212 (La. App. 2 Cir. 11/18/15), 182 So.3d 246, writ denied , 2015-2320 (La. 2/5/16), 186 So.3d 1169. A merchant generally does not have a duty to protect against an open and obvious hazard. Cox v. Baker Distrib. Co., L.L.C. , 51,587 (La. App. 2 Cir. 9/27/17), 244 So.3d 681, writ denied , 2017-1834 (La. 1/9/18), 231 So.3d 649. In order for a hazard to be considered open and obvious, our jurisprudence has consistently stated the hazard should be one that is open and obvious to all, i.e., everyone who may potentially encounter it. Id.
Mr. Sepulvado claims he encountered an unreasonably dangerous condition, a thin sheet of ice, on the Yokem premises, which caused him to trip and fall. Yokem does not deny the existence of freezing conditions the night before the fall, but argues the presence of any ice in the parking lot was not an unreasonably dangerous condition because it was open and obvious. The question in this case is whether the presence of ice in Yokem's parking lot was an open and obvious hazard. The district court determined that the presence of ice was an open and obvious hazard and granted Yokem's motion for summary judgment.
According to Sarah Wilkerson, the Comptroller and Human Resources Director of Yokem, a severe weather system brought icy conditions to the area on February 23, 2015. She stated that on February 23, the Yokem maintenance crew purchased 48 boxes of salt and spread it throughout the Yokem premises, particularly high-traffic areas, in order to counter the potentially icy conditions. She described the Yokem premises as being about the size of a city block. Ms. Wilkerson also stated that Yokem closed early on February 23, and told employees if the weather conditions persisted, to use their judgment when determining whether or not to drive to work on February 24.
In his deposition, Mr. Sepulvado described the weather on February 24 in following way: "It was bad. I mean, it was kind of like ice. I don't know if there was snow or not, I don't think there was, ice." He stated there was ice at his home when he left. Mr. Sepulvado was asked to describe the roads on his commute. He stated, "[T]here were spots of ice and stuff like that, but they wasn't- I mean, traffic was heavy, you know." He recalled seeing *984 ice on the side of the road. He could not remember the presence of ice on the road, but said it was probably there. He stated later in his deposition, "[T]here wasn't that much ice in the road." Mr. Sepulvado did not recall seeing any ice in the spot he fell before, during, or after his fall.
As stated above, Mrs. Sepulvado did not see any ice while she was running around the truck to assist her husband. Mr. Bentzler, the Yokem employee who helped Mr. Sepulvado after his accident, recalled ice being on the employee parking lot. He stated that he helped Mr. Sepulvado back on his feet because the ground was "slick."
The record reflects that ice was readily apparent in Shreveport on February 24, 2015, due to the weather. Aaron Sepulvado's school was closed due to the icy weather. Mr. Sepulvado stated there was ice on the sides of the roads while he was driving to Geico that morning. From Mr. Sepulvado's deposition, there is also the possibility that ice was present on the roads. The existence of ice may not always be an open and obvious hazard in Louisiana. However, on this day, when it is undisputed that the weather produced icy conditions, the risks associated with the presence of ice is obvious. We agree with the district court that the presence of ice was open and obvious. Therefore, we affirm the district court's granting of Yokem's motion for summary judgment.
CONCLUSION
Based on our determination that the presence of ice was open and obvious, we affirm the granting of Yokem's motion for summary judgment. Costs of this appeal are assessed to the appellants, Joseph and Christy Sepulvado.
AFFIRMED.

The Sepulvados listed Travelers Insurance Company - The Charter Oak Fire Insurance Company as a defendant, claiming it sold an insurance policy to Yokem. However, in the answer to the petition, Yokem states the Sepulvados incorrectly identified The Charter Oak Fire Insurance Company as Travelers Insurance Company - The Charter Oak Fire Insurance Company.
At the time Yokem filed its motion for summary judgment, Yokem Motors, Inc. had changed to Yokem Motors, L.L.C.

Mr. Sepulvado stated his visit on the premises was not related to Yokem and he only had a meeting with Geico.