| ROBERT LOMAX | * | NO. 2020-CA-0620 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| TRANSDEV SERVICES, INC. | * | |
| AND ABC INSURANCE | | FOURTH CIRCUIT |
| COMPANY | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-02074, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Rosemary Ledet)

Charlsey J. Wolff
THE LAW OFFICE OF WOLFF & WOLFF
2800 Veterans Memorial Blvd., Suite 204
Metairie, LA 70002

     COUNSEL FOR PLAINTIFF/APPELLANT

Lance S. Ostendorf
Philip A. Costa
650 Poydras Street, Suite 1460
New Orleans, LA 70130

     COUNSEL FOR INTERVENORS/APPELLANTS

Kriste Talton Utley
Ross A. Ledet
BOYKIN & UTLEY
400 Poydras Street, Suite 1540
New Orleans, LA 70130

     COUNSEL FOR DEFENDANTS/APPELLEES

**REVERSED AND REMANDED**
**OCTOBER 20, 2021**

This is a premises liability case arising out of a delivery driver's fall into a mechanic's pit. The plaintiff—Robert Lomax[1]—appeals the trial court's judgment granting the summary judgment motion filed by the defendants—Transdev Services, Inc.;[2] Regional Transit Authority ("RTA"); and Veolia Transportation Maintenance and Infrastructure, Inc.[3]—and dismissing the case. For the reasons that follow, we reverse the trial court's judgment and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying accident occurred on April 10, 2017, while Mr. Lomax was making a delivery for his employer, Coca-Cola, at the RTA's facility where its buses are serviced.[4] This delivery was Mr. Lomax's last one for the day. On this

---

[1] Coca-Cola Bottling Company United-Gulf Coast, LLC ("Coca-Cola") was Mr. Lomax's employer. Coca-Cola and its workers' compensation carrier filed an intervention pursuant to the Louisiana Workers' Compensation Law. *See* La. R. S. 23:1101(B). Coca-Cola also joined in Mr. Lomax's appeal.

[2] Transdev provides management and operational services to RTA.

[3] For ease of discussion, we refer to all three defendants collectively as "Transdev" in this opinion.

[4] The RTA's facility where the accident occurred is located at 2817 Canal Street, New Orleans Louisiana.

occasion, he was delivering a replacement machine to one of the break rooms at the RTA's facility. Although Mr. Lomax had been to the RTA's facility to make deliveries on about a dozen prior occasions, he had not made any prior deliveries to the particular break room where the replacement machine was being delivered. In his deposition, Mr. Lomax explained that he was at the RTA's facility on the prior occasions "[d]elivering machines in the other break room, the employee break room where the pool table and stuff is."

When he arrived at the RTA's facility on this occasion, Mr. Lomax checked in at the front gate and parked his truck as close as possible to the break room where the replacement machine was to be delivered. According to Mr. Lomax, no one ever told him, either through his employer or someone at RTA, where to park or where to unload vending machines; and there was no signage at the RTA's facility indicating where deliveries should be made.

Given the size and weight of all its vending machines, Coca-Cola required that more than one of its employees deliver its machines. It also was customary that Coca-Cola employees make a pre-trip inspection. On this occasion, Terrell Spenser, another Coca-Cola employee, accompanied Mr. Lomax to deliver the replacement machine, which had a glass front and weighed about 800 pounds. Mr. Lomax and Mr. Spenser chose to deliver the replacement machine through the closest garage bay.

Before taking the replacement machine off the truck, Mr. Lomax and Mr. Spenser conducted the customary, pre-trip inspection, walking the route from Mr.

Lomax's truck to the break room.[5] While making the pre-trip inspection, neither Mr. Lomax nor Mr. Spenser noticed the mechanic's pit located in the garage bay through which they planned to deliver the replacement machine—bay #18. In his deposition, Mr. Lomax explained that he did not pay attention to the mechanic's pit because he saw the bus was there in that garage bay.

After their pre-trip inspection, Mr. Lomax and Mr. Spenser placed the replacement machine on a regular pallet jack. Mr. Lomax took the front end of the loaded pallet jack; Mr. Spenser took the back end. Mr. Spenser walked and pushed forward; Mr. Lomax walked and pulled backwards. As Mr. Lomax was doing so, he fell into the mechanic's pit, sustaining injuries to his shoulder and rotator cuff. This suit followed.

After answering the suit and conducting discovery, Transdev filed a summary judgment motion, contending that it owed no duty to Mr. Lomax because the mechanic's pit was open and obvious. Transdev emphasized that Mr. Lomax acknowledged he was aware of the presence of mechanic's pits at the RTA's facility. Citing the deposition testimony of Mr. Lomax and Mr. Spenser, Transdev further contended that it could not be liable because Mr. Lomax's own actions— walking backwards, pulling a loaded pallet jack—were the sole cause of the accident.

Transdev introduced three types of evidence in support of its summary judgment motion: (i) excerpts from Mr. Lomax's and Mr. Spenser's depositions;

_____

[5] There was some inconsistency in the deposition testimony of Mr. Lomax and Mr. Spenser regarding the pre-trip inspection.

(ii) copies of photographs of the accident scene authenticated by Mr. Spenser in his deposition; and (iii) an affidavit from Transdev's Director of Bus Maintenance, Jacques Robichaux.

Both Mr. Lomax and Mr. Spenser testified in their depositions that when the accident occurred, Mr. Lomax was walking backwards, pulling a loaded pallet jack. Mr. Spenser testified that Mr. Lomax was walking backwards "[b]ecause there is no way you could walk forward and have your hands behind your back pulling a []800 [pound] glass front machine." Mr. Lomax explained what occurred as follows:

> When I jacked the machine up, I was pulling it and I was backing up and I had a little hump, so as I'm pulling, I pulled and I told my partner to hold it so it wouldn't rock. So as I'm pulling back, I stepped into a little pit and that's when I fell on my shoulder, and then my leg was hanging in the little pit. I was holding onto the pallet jack so I wouldn't fall down.

The photographs reflect that RTA bus #198 was parked in the garage bay #18 where the accident occurred. The photographs also reflect that the bus was parked in a position that only partially covered the mechanic's pit located beneath it. The position that the bus was parked in left a gap—estimated by Mr. Lomax's counsel to be three to four feet—between the front of the bus and the front of the mechanic's pit.

In his affidavit, Transdev's Bus Maintenance Director, Mr. Robichaux, attested to the following three facts:

- There is a large loading bay at the RTA['s] facility providing unencumbered access to the break room where the vending machine was to be delivered;

- There are painted markings on the floor of the RTA garage noting safe walking paths; and

4

- Bus #198 was being serviced in garage bay #18 on April 10, 2017, and therefore bay #18 had no barrier covering the open mechanic's pit located beneath the bus.

Opposing the summary judgment motion, Mr. Lomax introduced excerpts from the same two witnesses' (Mr. Lomax's and Mr. Spenser's) depositions, copies of various photographs (including some of the same ones that Transdev introduced), and copies of Occupational Safety and Health ("OSHA") regulations. Transdev filed a motion to strike some of Mr. Lomax's exhibits: (i) certain of the photographs given that those photographs were unauthenticated; (ii) copies of OSHA regulations given Mr. Lomax was not its employee; and (iii) hearsay statements in Mr. Spenser's deposition given such statements were not proper evidence.[6] At the hearing, the trial court granted Transdev's motion to strike and its summary judgment motion.[7] This appeal followed.

## DISCUSSION

Although Mr. Lomax assigns three errors on appeal,[8] the gist of his argument is that the trial court erred in granting Transdev's summary judgment

---

[6] *See Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 Fed. Appx. 159, 161 (5th Cir. 2008) (observing that "[u]nsubstantiated hearsay evidence that would not be admissible at trial does not suffice to raise a genuine issue of material fact").

[7] Because Mr. Lomax does not challenge the trial court's evidentiary rulings on the motion to strike, we do not address them. In addressing the merits of this appeal, we do not consider the evidence that the trial court excluded.

[8] On appeal, Mr. Lomax assigns three errors by the trial court:

1. The trial court erred because there are genuine issues of material fact in dispute[,] which preclude the granting of summary judgment in defendants' favor.

2. Defendants were comparatively at fault in the cause of Mr. Lomax's accident.

5

motion and dismissing his suit. In reviewing a trial court's judgment granting a summary judgment motion, an appellate court applies a *de novo* standard and employs the same criteria that are initially employed by the trial court under La. C.C.P. art. 966. *See Harmonia, LLC v. Felicity Prop. Co., LLC*, 20-0253, 20-0254, p. 6 (La. App. 4 Cir. 11/25/20), 311 So.3d 521, 526-27. As we observed in the *Harmonia* case, the following procedural methodology and principles governing summary judgment review are well-settled:

• The summary judgment procedure is favored and shall be construed to "secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2).

• The governing statutory provision, La. C.C.P. art. 966, provides that a motion for summary judgment shall be granted if, "[a]fter an opportunity for adequate discovery," the "motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

• "A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *Bufkin v. Felipe's La., LLC*, 14-0288, p. 3 (La. 10/15/14), 171 So.3d 851, 854.

• "[T]he burden of proof remains with the movant. [But], if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." *Id.*

---

3. The trial court erred as a matter of law by granting the motion for summary judgment because it held that appellant met the factors set forth in [La.] C.C. art. 2317.

• "This [burden shifting] requires the [non-moving party] to make a positive showing of evidence creating a genuine issue as to an essential element of [its] claim; mere speculation is not sufficient." *Finch v. HRI Lodging, Inc.*, 49,497, p. 7 (La. App. 2 Cir. 11/19/14), 152 So.3d 1039, 1043.

• Whether a fact is material is a determination that must be made based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270; *Maddox v. Howard Hughes Corp.*, 19-0135, p. 5 (La. App. 4 Cir. 4/17/19), 268 So.3d 333, 337.

*Harmonia*, 20-0253, 20-0254, p. 6, n. 9, 311 So.3d at 526.

Because Transdev will not bear the burden of proof at trial, Transdev's burden as the moving party was to show an absence of factual support for one or more elements of Mr. Lomax's claim—a premises liability claim. The applicable substantive law governing a premises liability claim is set forth in La. C.C. 2317.1,[9] which provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

To prevail on a premises liability claim under La. C.C. art. 2317.1, the plaintiff has the burden of establishing the following four elements:

- The thing was in the custodian's custody or control;

- It had a vice or defect that presented an unreasonable risk of harm;

---

[9] As Transdev pointed out in its memorandum in support of its summary judgment motion, there is no merchant-defendant in this case; thus, the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, *et seq.*, is inapposite. Although there is one public entity-defendant in this case (the RTA), the elements of proof for public entity liability under La. R.S. 9:2800 are essentially the same as under La. C.C. arts. 2317 and 2317.1. *See Lutz v. City of Shreveport*, 25801, p. 2 (La. App. 2 Cir. 05/04/94), 637 So.2d 636, 638.

7

- The defendant knew or should have known of the unreasonable risk of harm; and

- The damage was caused by the defect.

*Szewczyk v. Party Planners W., Inc*., 18-0898, pp. 7-8 (La. App. 4 Cir. 5/29/19), 274 So.3d 57, 62.

Transdev's summary judgment motion was based on Mr. Lomax's alleged inability to meet the second, third, and fourth elements; it did not dispute the first element—custody. All three disputed elements are premised on proof of a defect. As used in La. C.C. art. 2317.1, a defect is "a condition creating an 'unreasonable risk of harm,' which requires the trier of fact to decide whether the social value and utility of a hazard outweighs, and thus justifies, its potential harm to others." *Heflin v. Am. Home Wildwood Estates, L.P*., 41,073, pp. 6-7 (La. App. 2 Cir. 7/12/06), 936 So.2d 226, 231. To decide if a defect presents an unreasonable risk of harm, a risk-utility balancing test is used; the Louisiana Supreme Court has "synthesized the risk-utility balancing test to a consideration of four pertinent factors." *Bufkin v. Felipe's Louisiana, LLC*, 14-0288, p. 6 (La. 10/15/14), 171 So.3d 851, 856.[10] The second part of the test focuses on whether the alleged defect is obvious and apparent. *Id.*

In granting Transdev's summary judgment motion, the trial court— complying with La. C.C.P. art. 966(C)(4)'s requirement that "[i]n all cases, the

---

[10] The four factors that must be considered in conducting the risk-utility balancing test are as follows: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Bufkin*, 14-0288, p. 6, 171 So.3d at 856.

8

court shall state on the record or in writing the reasons for granting or denying the motion"—provided the following oral reasons: "[t]he Court finds that the Plaintiff—you did meet the burden under the article 2317, but Plaintiff did not prove that the mechanic [pit] had represented an unreasonably dangerous condition."[11] The trial court's reason for granting the summary judgment motion, thus, was its finding that the mechanic's pit was an open and obvious condition.

Again, the open and obvious condition is considered under the second part of the risk-utility balancing test—whether the dangerous condition was obvious and apparent. *Bufkin*, 14-0288, p. 6, 171 So.3d at 856. Addressing this issue, the Louisiana Supreme Court in *Bufkin* observed:

> Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, this court has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it. *Broussard v. State ex rel. Office of State Buildings,* 113 So.3d at 184; *Hutchinson v. Knights of Columbus, Council No. 5747,* 866 So.2d at 234.

14-0288, p. 7, 171 So.3d at 856.

In the *Broussard* case, the Supreme Court observed that "whether a defect presents an unreasonable risk of harm is 'a matter wed to the facts' and must be determined in light of facts and circumstances of each particular case." 12-1238 at

---

[11] Mr. Lomax contends the trial court's reasons for judgment are inconsistent with its ruling granting Transdev's summary judgment motion. According to Mr. Lomax, the inconsistency is that the trial court found he satisfied the requirements of La. C.C. art. 2317, yet granted the summary judgment motion. *See* La. C.C. art. 2317 (providing that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications"). Given our resolution of this case on other grounds, we do not reach this issue. Nonetheless, we note that "[a]ppellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 09-0571, 09-0584, 09-0585, 09-0586, p. 77 (La. 4/1/11), 61 So.3d 507, 572.

p. 9, 113 So.3d at 183. "Clarifying *Broussard*, the Supreme Court, in a trio of cases, held that, absent any material factual issue, the summary judgment procedure can be used to determine whether a defect is open and obvious and thus does not present an unreasonable risk of harm." *Jones v. Stewart*, 16-0329, p. 14 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 393.[12] This is not such a case.

Transdev's argument, framed in its memorandum in support, is as follows:

> Louisiana jurisprudence is replete with decisions granting summary judgment, and affirmed on appeal, when a plaintiff trips while walking backwards. In most instances the court finds both the property did not constitute an unreasonable risk of harm (i.e. open and obvious), and the plaintiff[']s own actions in walking backwards was the cause-in-fact of the resulting injury.

In addressing this argument, we split our analysis into two separate components— (i) causation; and (ii) open and obvious condition.

*Causation*

Transdev contends that Mr. Lomax's injuries were caused by his own inattention in blindly walking backwards and that his actions were the sole cause-in-fact of the accident. Mr. Lomax counters that his actions may have been a factor in causing the accident, but his actions were not the sole cause. Mr. Lomax submits that this is a comparative fault case. We agree.

---

[12] The trio of cases are as follows:

- *Bufkin, supra* (observing that summary judgment was proper in defendant's favor given a pickup-truck sized dumpster located on a city street was an open and obvious condition);

- *Rodriguez v. Dolgencorp, LLC*, 14-1725 (La. 11/14/14), 152 So.3d 871 (observing that summary judgment was proper in defendant's favor given a shopping cart located in a grocery store parking lot was an open and obvious condition); and

- *Allen v. Lockwood*, 14-1724 (La. 02/13/15), 156 So.3d 650, 651 (observing that summary judgment was proper in defendant's favor given an unpaved, grassy parking area on church's grounds was an open and obvious condition).

In addressing this issue, we find our analysis in *Warren v. Kenny*, 10-1580 (La. App. 4 Cir. 4/27/11), 64 So.3d 841, instructive. There, we reversed a trial court's judgment granting summary judgment in favor of a defendant-premises owner in a case involving a plaintiff who was moving backwards when she fell.[13] In *Warren*, the plaintiff fell "descending [going backwards down] an A-frame tethered and locked ladder." 10-1580, p. 3, 64 So.3d at 844. Reversing, we observed that "even though [the plaintiff's] decision to use the ladder and climb over (or under) the railing may have been unreasonable—as the trial court found— and may ultimately result in the fact finder allocating a substantial percentage of the fault to her, we cannot conclude on the basis of this record that it precludes her recovery as a matter of law." *Id.*, 10-1580, p. 10, 64 So.3d at 849. The same is true here. Stated otherwise, this is not a case in which, as a matter of law, we can conclude that 100% of the fault is on Mr. Lomax for walking backward, pulling a loaded pallet jack.

Moreover, to the extent the trial court accepted Transdev's argument regarding Mr. Lomax's own alleged negligence in walking backward in finding an open and obvious condition, "this is inconsistent with the unreasonable harm analysis under Louisiana law, which 'focuses on the global knowledge of everyone who encounters the defective thing . . . [but] not the victim's actual or potentially ascertainable knowledge.'" *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 617 (5th Cir. 2018) (quoting *Broussard*, 113 So.3d at 188). A plaintiff's possible negligence can be considered "not as a complete bar to recovery via summary

---

[13] *See also Kobasko v. Jo's Dairy Dream, L.L.C.,* 13 BE 35 (Ohio Ct. App. Jan. 26, 2015) (*unpub.*), 2015 WL 530144, at *3 (reversing summary judgment in favor of premises owner in case involving plaintiff-delivery person who fell "walking backwards so that he could pull his dolly up the steps leading to the door . . . [and] continued to walk backwards because there was no room to turn the dolly around").

judgment, but rather through comparative fault principles." *Id.* at 618 (citing *Broussard*, *supra*, and La. C.C. art. 2323).[14] For these reasons, we find Transdev's arguments regarding causation unpersuasive.

*Open and Obvious Condition*

The second part of Transdev's argument is that the mechanic's pit was an open and obvious condition. In support, Transdev cites the following facts: (1) the mechanic's pit is identified by brightly painted caution-yellow markings on the ground; and (2) Mr. Lomax admitted he knew of the pits located at the RTA's facility, but simply "didn't pay attention to the pit" during his pre-trip inspection on the day of the accident. Mr. Lomax counters that his deposition statement that he did not pay attention to the pit included an explanation—that he did not notice the pit because he saw the RTA bus there. Continuing, Mr. Lomax contends that "it was not an unreasonable expectation for him to assume that the bus would cover the entire pit" and not leave a three to four foot gap.

As noted elsewhere in this opinion, the trial court, in its reasons for judgment, found that the mechanic's pit was an open and obvious condition. Although a mechanic's pit has been classified as an open and obvious condition,[15]

---

[14] *See Rodrigue v. Baton Rouge River Ctr.*, 16-2075 (La. 1/25/17), 209 So.3d 93 (concluding that "[t]o the extent plaintiff was aware of the condition of the stairwell, the trier of fact may consider such evidence at trial for purposes of determining the percentage of fault, if any, to be assigned to plaintiff"); *Rose v. Liberty Mut. Fire Ins. Co.*, 15-1184, p. 5 (La. App. 3 Cir. 5/18/16), 192 So.3d 881, 886 (quoting *Kennett v. Dep't of Pub. Works ex rel. City of Bogalusa*, 13-824, p. 12 (La. App. 1 Cir. 12/27/13) (*unpub.*)(Crain, J., concurring) (observing that Louisiana courts "are mindful not [to] incorporate the plaintiff's comparative fault into the analysis of whether a defect presents an unreasonable risk of harm" because "[t]he plaintiff's knowledge of the defect and considerations such as the extent of the risk created by the actor's conduct are more appropriate considerations for apportioning comparative fault pursuant to Louisiana Civil Code article 2323"); *Covey v. Seifert*, CV 18-99-JWD-EWD (M.D. La. Jan. 23, 2019) (*unpub.*), 2019 WL 303008, at *12 (observing that "the pile of exploded diapers was large and the mess great," but the evidence "shows that this is a question of comparative fault, not a matter of barring Plaintiff's recovery on the open and obvious theory").

[15] *See Spencer v. Benny's Car Wash, LLC*, 11-1708 (La. App. 1 Cir. 5/4/12) (*unpub.*), 2012 WL 1580601, *13 (observing that "[t]he presence of large holes in the floor of Benny's garage (the

the issue in this case is not simply whether the mechanic's pit, in and of itself, was an open and obvious condition. Rather, the issue is whether the three to four foot gap created by the presence of the bus—parked partially over the uncovered mechanic's pit—was an open and obvious condition. Framing the issue in this manner, we find this case falls within the category of cases in which the jurisprudence has found case-specific factual issues preclude summary judgment. *See Jimenez v. Omni Royal Orleans Hotel*, 10-1647, pp. 11-12 (La. App. 4 Cir. 5/18/11), 66 So.3d 528, 534-35.[16]

An example of this category of cases that is instructive here is presented in *Cox v. Baker Distrib. Co., L.L.C.*, 51,587 (La. App. 2 Cir. 9/27/17), 244 So.3d 681. There, the plaintiff was injured while delivering material on pallets onto a loading dock. The loading dock lacked an operable dock plate—a device generally used to bridge the gap between the back of a truck and the loading dock. The trial court

---

oil-change pits), only slightly smaller in size than the automobiles that they are used to service, under these circumstances, presents a condition that should be obvious to all and the presence of these pits is not unreasonably dangerous").

[16] In *Jimenez*, 10-1647, pp. 11-12, 66 So.3d at 534-35, this court explained this category of cases, observing:

> There are other decisions which suggest that simply because a condition may be open and obvious it does not necessarily result in a consequential finding that the defendant did not create an unreasonable risk of harm. Thus, the Louisiana Supreme Court, while acknowledging the dangerousness of bundled electric cables placed in a pedestrian passageway at the Chalmette Crawfish Festival as well as a pedestrian's duty to observe conditions as obvious to a visitor as to a landowner, found that case-specific factual issues precluded summary judgment. *See Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 9 (La.2/20/03), 866 So.2d 228, 235.4 *See also Warren v. Kenny*, 10-1580 (La. App. 4 Cir. 4/27/11) 64 So.3d 841 (in which we reversed the trial court's summary judgment dismissing a tenant's claims against her landlord whose ladder and railings giving access to laundry equipment were held to be open and obvious; we remanded because of genuine issues of material fact, observing that at trial a "substantial" portion of fault might be attributed to the tenant who chose to use that laundry equipment, knowing it was in a precarious situation, i.e., "an open and obvious danger").

determined that the lack of an operable dock plate was an open and obvious

condition and, on that basis, granted the defendant's summary judgment motion.

Reversing, the appellate court in *Cox* observed:

> Clearly, a reasonable person encountering this situation would consider the rift between a truck and a loading dock [created by the lack of an operable dock plate] an open and obvious hazard in and of itself, which the trial court might have properly noted. However, in this case it is the relationship between that nonexistent dock plate and the other conditions present at the time Cox [the plaintiff] made his delivery that gives rise to fact-specific issues, those being: the actual width of the gap between the truck and the loading dock; the crowdedness of the loading dock; the inability to use proper equipment because of that crowdedness; and, the lack of assistance in unloading the truck, given the tight situation on the loading dock.

*Cox*, 51,587, p. 8, 244 So.3d at 685 (citing *Jones v. Stewart*, 16-0329 (La. App 4

Cir. 10/05/16), 203 So.3d 384 (observing that granting defendant's summary

motion was error given that condition in homeowner's attic was not necessarily an

open and obvious risk considering other conditions existing contemporaneously—

homeowner's attic was unfinished, unlit, and wet)).[17]

The appellate court in *Cox* concluded that "considering not only the lack of a

dock plate on the Baker [defendant's] loading dock, but the overall condition of the

---

[17] *See also Minix v. Pilot Travel Centers, LLC*, 18-1197, pp. 6-9 (La. App. 1 Cir. 5/31/19), 277 So.3d 810, 814-15, *writ denied*, 19-1074 (La. 10/8/19), 280 So.3d 149 (observing case-specific factual issues were present precluding summary judgment "given the proximity of the pothole to the fueling bay, where drivers are undoubtedly tasked with activities such as fueling and inspecting their rigs, its location in a darker area of asphalt rather than concrete, and the overall condition of the fueling bay, where the pothole may or may not be apparent depending on the time of day, the location where a particular rig is parked within the bay, or other objects in the area that may cast shadows on the area"); *Lincoln v. Acadian Plumbing & Drain, LLC*, 17-684, p. 9 (La. App. 5 Cir. 5/16/18); 247 So.3d 205, 212 (observing that "[p]laintiffs in this case presented factual support for their claim that the manner in which the excavated hole was secured presented an unreasonable risk of harm"); *Tramuta v. Lakeside Plaza, L.L.C.*, 14-410, pp. 12-13 (La. App. 5 Cir. 2/25/15), 168 So.3d 775, 783 (observing that whether the placement of a parking bumper in relation to a step in a parking lot constituted an open and obvious condition presented a disputed issue of material fact).

14

loading dock, Cox did not encounter necessarily an open and obvious condition, and material facts exist as to whether this situation created an unreasonable risk of harm to him." *Cox*, 51,587, p. 8, 244 So.3d at 686. The appellate court in *Cox*, thus, found there were case-specific factual issues precluding summary judgment. The same is true here.

Considering the overall condition of the mechanic's pit at the time of the accident, there are case-specific factual issues here precluding summary judgment. The pictures and the deposition testimony that were introduced establish the existence of a three to four foot gap between the front of the RTA bus and the front of the uncovered mechanic's pit. Mr. Robichaux, Transdev's Bus Management Director, attested that, on the day of the accident, "[garage] bay #18 had no barrier covering the open mechanic's pit located beneath the bus."

The visibility of the partially open, uncovered mechanic's pit also is disputed. According to their deposition testimony, both Mr. Lomax and Mr. Spenser denied seeing the mechanic's pit when they made their pre-trip inspection. Mr. Lomax acknowledged that he generally was aware of the presence of mechanic's pits in the RTA's facility. But, in response to the question of whether he knew that there were pits underneath all the garage bays, Mr. Lomax replied: "I didn't know it was under all of them but I know they had some under the bus." Although he had been to the RTA's facility to make prior deliveries, Mr. Lomax testified that he had never made a prior delivery to the particular break room where

he was delivering the replacement machine. As noted elsewhere in this opinion, his prior deliveries were to other areas of the RTA's facility.

Considering the overall circumstances, we find, as Mr. Lomax contends, that "[i]n light of the proximity of the mechanic's pit to the walking area, genuine issues of material fact remain as to whether the gap created an unreasonable risk of harm, where delivery drivers were tasked with activities such as bringing 800 pound vending machines safely to the break room." Given these circumstances, we find that Transdev failed to establish a prima facie case that the complained-of condition was open and obvious.[18] The burden, thus, never shifted to Mr. Lomax. Accordingly, the trial court erred in granting Transdev's summary judgment motion.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed; and this matter is remanded.

**REVERSED AND REMANDED**

---

[18] *See Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 7 (La. 2/20/04), 866 So.2d 228, 233 (observing that a motion for summary judgment must be "properly supported" before burden shifts to opponent); *see also Jones*, 16-0329, p. 26, 203 So.3d at 400 (concluding that "Defendants failed to establish a prima facie case that the complained-of condition was open and obvious; hence, the burden never shifted to [the plaintiff] Mr. Jones to rebut their motions").