Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,646-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LEE GRISBY                                          Plaintiff-Appellant

versus

JAASIM II, LLC D/B/A                               Defendant-Appellee
PORTER HOUSE LIQUOR

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2019-447

Honorable Alvin Rue Sharp, Judge

* * * * *

ANTHONY J. BRUSCATO                          Counsel for Appellant


TAYLOR, WELLONS, POLITZ & DUHE      Counsel for Appellee
By: D. Scott Rainwater
    Leah C. Voth


* * * * *

Before STEPHENS, COX, and HUNTER, JJ.

**STEPHENS, J.**

Plaintiff, Lee Grisby, appeals a judgment of the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, granting a motion for summary judgment filed by defendant, Jaasim II, LLC, d/b/a Porter House Liquor, dismissing Grisby's claims with prejudice. For the following reasons, we reverse the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of injuries Grisby sustained on August 4, 2019, when he tripped and fell inside Porter House Liquor (the "store") in Bastrop, Louisiana. Grisby filed a petition for damages against Jaasim II, LLC, d/b/a Porter House Liquor ("Porter House"), claiming he was injured when, after making his purchase, as he was speaking to the clerk and other customers, he began moving backward toward the door, then tripped over a display of beer cans located on a pallet in the middle of the store, which caused him to fall and strike his right shoulder. A photo of the pallet was attached to the petition. Grisby further alleged the fall occurred because there was no warning, and Porter House was negligent in:

a) creating and/or allowing an unreasonable risk of harm to Grisby, which risk of harm was reasonably foreseeable;

b) failure to provide a reasonably safe premise;

c) failure to make a reasonable effort to keep the premises free of any hazardous condition which might reasonably give rise to injuries;

d) failure to exercise reasonable care; and,

e) allowing a pallet having very little merchandise to be situated by the front entrance to the store.

Porter House answered, admitting Grisby tripped over an open and obvious display of cans located in the middle of the store but denied the

allegations of liability.  Porter House asserted numerous affirmative defenses, most notably that Grisby's damages were caused either solely or in part by his own fault and/or negligence or solely or in part by others for whom Porter House is not liable, and that if a hazardous condition existed, it was open and obvious and easily discernible by Grisby and should have been recognized by him had he been exercising due care.

After engaging in discovery, Porter House filed a motion for summary judgment with the following documents attached in support: 1) Grisby's petition for damages; 2) security footage of Grisby's fall; 3) a photograph taken from the security footage; 4) the transcript of Grisby's deposition; and 5) an affidavit by Kitty Aulakh, owner of Porter House.  Grisby filed an opposition to Porter House's motion, attaching his own affidavit in support. Both parties submitted memos in support of their positions, and a hearing on the motion was held on August 12, 2021.  The facts were undisputed.  The video footage of the incident submitted by Porter House showed Grisby falling after walking backward into a display pallet located in the middle of the store containing a single layer of beer cans.  Porter House argued that, under the merchant liability statute, La. R.S. 9:2800.6, it was not liable for Grisby's alleged injury because the pallet was open and obvious and, therefore, not unreasonably dangerous.  Thereafter, the trial court granted summary judgment in favor of Porter House, dismissing Grisby's claims with prejudice.  This appeal by Grisby ensued.

## DISCUSSION

A grant of summary judgment is reviewed *de novo*, with the appellate court applying the same criteria that govern the district court's decision to grant or deny, namely, whether there is any genuine issue of material fact

and whether the mover is entitled to judgment as a matter of law. *Murphy v. Savannah*, 2018-0991 (La. 5/8/19), 282 So. 3d 1034.

The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Murphy*, *supra*; *Nelson v. Shelat*, 54,099 (La. App. 2 Cir. 8/18/21), 325 So. 3d 1170, *writ denied*, 2021-01354 (La. 11/17/21), 327 So. 3d 997. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

Louisiana C.C.P. art. 966(D)(1) provides the general rule concerning the burden of proof for summary judgment and states in pertinent part:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

A genuine issue is one about which reasonable persons could disagree. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So. 2d 764; *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Harris v. City of Shreveport*, 53,101 (La. App. 2 Cir. 4/22/20), 295 So. 3d 978. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of

recovery. Facts are material if they potentially ensure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. *Weaver v. City of Shreveport*, 52,407 (La. App. 2 Cir. 12/19/18), 261 So. 3d 1079.

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Although summary judgment procedure is favored, it is not a substitute for trial on the merits. *S.J. v. Lafayette Parish Sch. Bd.*, 2006-2862 (La. 6/29/07), 959 So. 2d 884; *Bloxham v. HDI-Gerling America Ins. Co.*, 52,177 (La. App. 2 Cir. 6/27/18), 251 So. 3d 601. The appellate court reviews the record and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. *Bell o/b/o Cox v. Big Star of Tallulah, Inc.,* 54,032 (La. App. 2 Cir. 8/11/21), 336 So. 3d 364.

The imposition of tort liability on a merchant for a patron's injuries resulting from an accident is governed by La. R.S. 9:2800.6, which provides, in part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

4

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

In view of these statutory requirements, plaintiffs who slip and fall in merchants' premises bear a heavy burden of proof.[1] Failure by a plaintiff to prove any of the three required elements in La. R.S. 9:2800.6(B) is fatal to a plaintiff's case. *Moy v. Brookshire Grocery Co.*, 48,177 (La. App. 2 Cir. 6/26/13), 117 So. 3d 611.

The first element of R.S. 9:2800.6(B) requires the plaintiff to produce factual support sufficient to show a genuine issue of material fact that there was a condition that presented an unreasonable risk of harm and the risk of harm was reasonably foreseeable. While merchants must exercise reasonable care to protect their patrons and keep their premises safe from unreasonable risks of harm, they are not insurers of their patrons' safety and are not liable every time an accident happens. *Ton v. Albertson's, LLC*, 50,212 (La. App. 2 Cir. 11/18/15), 182 So. 3d 246, *writ denied*, 2015-2320

---

[1] For the purpose of this opinion, the term "slip and fall" as used in reference to the law regarding a merchant's liability is tantamount to "trip and fall" which more accurately describes the circumstances of the plaintiff's injury in this case.

(La. 2/5/16), 186 So. 3d 1169.  A merchant generally does not have a duty to protect against an open and obvious hazard.  *Cox v. Baker Distrib. Co., L.L.C.*, 51,587 (La. App. 2 Cir. 9/27/17), 244 So. 3d 681, *writ denied*, 2017-1834 (La. 1/9/18), 231 So. 3d 649.  In order for a hazard to be considered open and obvious, our jurisprudence has consistently stated the hazard should be one that is open and obvious to all, i.e., everyone who may potentially encounter it.  *Sepulvado v. Travelers Ins. - Charter Oak Fire Ins. Co.*, 52,415 (La. App. 2 Cir. 11/8/18), 261 So. 3d 980.

An "unreasonable risk of harm" is present, so as to support the merchant's statutory liability for a customer's slip and fall, if the dangerous condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances.  *Bell o/b/o Cox*, *supra.*  The determination of the unreasonableness of a risk predominantly encompasses an abundance of factual findings, which differ greatly from case to case.  *Lawrence v. City of Shreveport*, 41,825 (La. App. 2 Cir. 1/31/07), 948 So. 2d 1179, *writ denied*, 2007-0441 (La. 4/20/07), 954 So. 2d 166.  Whether a condition poses an unreasonable risk of harm that is foreseeable is a finding of fact.  *Bell o/b/o Cox*, *supra.*

On appeal, Grisby asserts the trial court erred in granting Porter House's motion for summary judgment, which relied on the argument that the pallet was open and obvious and, therefore, did not pose an unreasonable risk of harm.  Most notably, Grisby claims that whether the "ankle-high obstruction" present in this case was unreasonably dangerous is a question of fact that precludes summary judgment.  We agree.

Here, the video footage clearly captures Grisby's fall.  It is undisputed that the pallet is located in the center of the small store, allowing for very

6

little room to maneuver around it, which could arguably create an unreasonable risk of harm. As Porter House contends, the position of the pallet likewise supports the argument that the pallet was an open and obvious hazard; therefore, Porter House had no duty to protect against it and would not be liable for any harm caused by the pallet. However, the location of the pallet is not the only factor to consider. The height of the pallet is also a consideration with regard to determining the open and obvious nature of the hazard.

We find that, considering both the location and the low profile of the pallet, reasonable persons could disagree whether the pallet was open and obvious and posed an unreasonable risk of harm and such a determination would potentially ensure or preclude Grisby's ability to recover from Porter House. While we are not disputing that a trial court may determine by summary judgment that a defect is open and obvious and therefore does not present an unreasonable risk of harm, our task is to review each case on an individual basis. Accordingly, we find a genuine issue of material fact exists in this case, and the trial court erred in granting summary judgment in favor of Porter House.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment by defendant, Jaasim II, LLC, d/b/a Porter House Liquor, and dismissing with prejudice the claims of plaintiff, Lee Grisby, is reversed, and the matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED.**

7